## GRADY v. THE STATE OF IOWA.

Jurors cannot be compelled to make affidavits, showing that the jury disregarded, and refused to take into consideration, the instructions of the court. Nor can the declarations of jurors be received, to prove such a state of facts. Where in a criminal case, the defendant filed a motion for a new trial, for the following reasons: 1. That the verdict was not warranted by the evidence; 2. That the verdict was contrary to law; which motion was sustained by an affidavit of his attorney, which alleged that one of the jurors stated after the trial, that the jury, in finding the verdict of guilty, disregarded, and did not take into consideration, the instructions of the court, but considered them contrary to law, and that they were not bound to consider them; and that said juror refused to make affidavit to the above statement, but said that it was true, which motion was overruled by the court; *Held*, That the motion was properly overruled.

*Error to the Davis District Court.*

THE plaintiff in error was convicted of a misdemeanor, and filed a motion for a new trial upon the following three grounds:

1. That the verdict was not warranted by the facts shown by evidence.

2. That the verdict was contrary to law.

3. That the verdict was contrary to the evidence.

To support this motion, the defendant offered the affidavit of his attorney, to the effect that Joseph Hopkins, one of the jurors, stated after the trial, that the jury, in finding the

verdict of guilty, disregarded and did not take into consideration, the instructions of the court, but considered them contrary to law, and that they were not bound to consider them in deliberating on the case ; and that said juror refused to make affidavit to the above statement, but said it was true. The error assigned is in the refusal of the court to receive the above affidavit, and in ruling that he would not receive the affidavit of a juror to the foregoing matter.

*S. G. McAchran,* for the plaintiff in error.

*Samuel A. Rice,* (Attorney-General,) for the State.

Woodward, J.—It is the opinion of this court, that the court below did not err in refusing to listen to the affidavit offered. If the juror would not make affidavit to this matter, it could not be shown by proving his declarations. We do not say that a juror's declarations cannot be received in any case, but think they cannot be to prove the matter in the present instance. By section 1810 of the Code, the affidavits of jurors may be received on applications for new trials. But they cannot be compelled to make them, (*Foshee* v. *Abrams,* 2 Iowa, 571,) and it is not clear that they could be received to impeach their verdict. In the present case, it does not appear that the defendant offered the affidavit of a juror. On the contrary, the counsel, in his affidavit, states that this juror refuses to swear to the statement, and he does not appear to have had that of any other. So far as the case shows anything on this point, it shows that the party could not obtain the affidavit of a juror, and in this the court cannot aid him.

We are not asked to determine whether the verdict was against the law or the evidence, (although the motion for a new trial is based upon this ground,) for none of the evidence is brought up, and the assignment of errors does not reach this point.

The judgment of the District Court is affirmed.