REUBEN SPAULDING *vs.* WILLIAM S. KNIGHT.

Worcester. October 5, 1875. WELLS & AMES, JJ., absent.

Under the 21st rule of the Superior Court, providing that "the court will not hear any motion grounded on facts, unless the facts are verified by affidavit, or are apparent from the record and from the papers on file in the case, or are agreed and stated in writing, signed by the parties or their attorneys," it is within the discretion of a single justice of the Superior Court, on a motion for a new trial on the ground of newly discovered evidence, to admit oral evidence.

The refusal of a judge to grant a new trial cannot be revised upon a bill of exceptions which does not state the whole evidence and fails to disclose any error of law.

MOTION to the Superior Court for a new trial, on the ground of newly discovered evidence. Annexed to the motion were various affidavits of the defendant and his witnesses, and certain letters of the plaintiff. Hearing before *Dewey*, J., who allowed a bill of exceptions in substance as follows:

The original action was in tort for deceit and conspiracy, in which the defendant and Samuel K. Elliott were charged with conspiracy to defraud the plaintiff by passing to him, as collateral security for Elliott's note of $800, a forged and fictitious promissory note, purporting to be for the sum of $750. See 116 Mass. 148. After verdict, at December term 1874, and before judgment, the defendant moved to arrest judgment, set aside the ver

dict, and grant a new trial, on the ground that since the verdict the plaintiff had received sufficient property of Elliott to pay or secure him for Elliott's note. The motion and affidavits annexed thereto were made part of the bill of exceptions.

At the hearing, the defendant's counsel objected to the introduction of any oral evidence, either from the plaintiff or the defendant, to prove or disprove the affidavits, no affidavits having been filed by the plaintiff to oppose the motion, the facts not being of record upon which the motion was based, and the defendant having no notice of what the plaintiff would prove in opposition to the motion. The judge admitted evidence offered by the plaintiff in opposition to the allegations in the motion, and requested the defendant to produce his witnesses in court for examination, instead of hearing and deciding the case on the affidavits filed; to which the defendant excepted.

It appeared by the affidavits and evidence in the case that, since the trial of the original suit, the plaintiff had exchanged about 1200 acres of western land, in Wayne County, Missouri, estimated at $18,000, in way of trade, and took in exchange therefor certain property in Chicago, Illinois, which he still holds; that said western land was conveyed to the plaintiff by one Lamb, by Spaulding paying about 75 cents an acre, being what Elliott was bound to pay to redeem the lands. The facts were in dispute as to the terms upon which Spaulding held the property, whether in trust for Elliott, or as security for the aforesaid note, or whether it was held by Spaulding free from any trust or obligation to Elliott.

The defendant asked the judge to rule, as a matter of law, that, if the plaintiff held sufficient property, of any kind, which he received from Elliott, to pay him for the note, that the law itself would apply it, but the judge declined so to rule. The judge found that there was no agreement between the plaintiff and Elliott as to the property conveyed by Lamb to the plaintiff, and did not find that the plaintiff had received any property which he was bound to apply to the payment of the $800 note of Elliott; and overruled the motion for a new trial.

To the rulings of the presiding judge, and to the refusals to rule as requested, the defendant alleged exceptions.

· *W. A. Gile*, for the defendant, contended that, under the 21st rule of the Superior Court,\* oral evidence was not admissible at the hearing; and that the affidavits and letters showed a clear case for a new trial.

*F. P. Goulding*, for the plaintiff, was not called upon.

BY THE COURT. 1. The object of the rule of court is, that nothing less than evidence supported by oath shall be admitted. It was clearly within the discretion of the court below to admit oral testimony.

2. The bill of exceptions does not state the whole of the evidence. The letters relied upon by the defendant are only part of the evidence. If the evidence was conflicting, the finding of the judge of the court below was final. Whether the evidence was conflicting or not, as all the evidence does not appear, we cannot revise such finding, and as no error of law is shown, the

*Exceptions must be overruled.*