JAY GANO v. JOHN D. WELLS, *et al.*

1. EVIDENCE— *Objection to be Particular.* An objection on the trial to the introduction of evidence contained in a deposition, must state the particular evidence objected to.

2. WITNESS— *Objection to Competency—Practice.* Where an objection is made to the evidence of a witness for the reason that he is not competent to testify upon the subject, and the ruling of the trial court admitting the evidence is complained of in the supreme court, it must be made to appear to the supreme court that all the evidence concerning the competency of the witness has been brought to the supreme court.

3. New Trial; *Refusal to Hear Oral Testimony of Jurors, Not Error; Practice.* Where a motion is made for a new trial, and in such motion it is stated that affidavits will be used, and afterward, on the hearing of the motion, the court refuses to hear the oral testimony of jurors to show irregularities in their proceedings, *held*, not error; and *further held*, that whether oral evidence might be used in such a case is largely within the sound judicial discretion of the trial court; and unless the supreme court can clearly see that in the particular case the trial court abused its discretion, it will not reverse its ruling.

### *Error from Marshall District Court.*

Action brought on May 17, 1884, by *Jay Gano* against *John D. Wells, James S. Warden,* and *Thomas Johnson,* to dissolve a copartnership existing between Gano and Wells, and for an accounting between them. At the March Term, 1885, the case was tried before the court and a jury. In answer to the following questions, the jury made the following findings, to wit:

"1. What was the value of the horse in controversy on the 16th day of May, 1884? A. $341.60.

"2. How much did the defendant James S. Warden pay the defendant John D. Wells for said horse? A. $200.

"3. How much did the defendant James S. Warden agree to pay to the defendant John D. Wells for said horse? A. $200.

"4. At the time James S. Warden purchased the horse from John D. Wells, had he knowledge or notice that John D. Wells and plaintiff, Jay Gano, were partners in said horse? A. He had.

"5. Did James S. Warden and John D. Wells, in the purchase and sale of said horse, agree together for the purpose and with the intention of cheating and defrauding plaintiff, Jay Gano, out of his interest in said horse? A. They did not.

"6. At the time said horse passed into the possession of said Warden from Wells, and from defendant Warden to defendant Thomas Johnson, was there at that time any agreement or understanding that said horse was to be the property of said Wells, or that said Wells thereafter had any interest in said horse? A. There was not; he had not.

"7. Was said sale from Wells to Warden a pretended sale, or was it made in good faith? A. In good faith.

"8. Did Wells pay over, or offer to pay over, to Jay Gano,

his one-half of the proceeds arising from the sale of said partnership property before the commencement of this suit? A. He did not.

"9. How much, if anything, on the 16th day of May, 1884, was the defendant Wells indebted to the plaintiff, Gano, for service and money expended in the care of the partnership property? A. Nothing.

"10. Did the defendant Wells, when he sold the horse to Warden, intend to defraud the plaintiff, Gano, out of his interest in the partnership property and in the horse, or any part thereof? A. He did not.

"11. Was Thos. Johnson agent for Wells in taking and holding possession of the horse on or after the day of sale? A. He was not.

"12. For whom did defendant Thomas Johnson act in taking possession of and holding the horse in controversy? James S. Warden.

"13. Did the defendant John D. Wells agree to pay to the plaintiff, J. Gano, the sum of $12.50 per month as his (Wells's) portion and part of the compensation of said Gano for taking care of the partnership property? A. He did not.

"14. How many months did plaintiff, Gano, take care of the horse? A. About thirty-three months.

"15. Is Jay Gano under the contract entitled to have pay for doctoring the horse? If so, how much, if anything, is the plaintiff, Gano, entitled to recover of Wells for doctoring the horse in controversy? A. Not anything."

Upon the foregoing findings, and the facts admitted in the pleadings, the court dismissed the action as against Warden and Johnson, and rendered judgment for $106.50 and costs, in favor of *Gano* and against *Wells*. *Gano* brings the case to this court for review.

*J. A. Broughten,* and *E. A. Berry,* for plaintiff in error.
*John V. Coon,* for defendants in error.

The opinion of the court was delivered by

. VALENTINE, J.: The first claim of error in this case is the introduction in evidence of the deposition of J. B. Smith. This was at the trial, and the objection to the evidence and the exception taken are as follows:

"To the introduction of said deposition and the evidence

therein contained, and to each and every part thereof, the said plaintiff at the time objected, on the ground and for the reason that the same was incompetent and irrelevant; which objection was by the court overruled; to which ruling of the court the said plaintiff at the time duly excepted."

It will be seen from this language that there was only one objection, and that this objection embraced the whole of the deposition, although it stated that it was to each and every part thereof. Such an objection we think is hardly sufficient, as some portions of the deposition might properly have been read in evidence. The party objecting should have designated the different parts objected to. Objecting to the whole of the deposition, in the lump, although the statement is "to each and every part thereof," is not sufficient. The particular portions of the evidence of the witness J. B. Smith contained in this deposition are with reference to the horse in controversy, and are as follows: "We speeded him for a mile. I discovered something was the matter with his heart, as near as I could make out." The witness then stated that he had noticed this at other times, and then said: "He is liable to drop dead at any time when driven at speed." These particular portions of the deposition were not objected to on the trial, as we have already stated. The court below had no means of knowing what particular portions of the deposition were objected to. We think the objection was insufficient. But even if the objection were sufficient, still no material error is shown. All this evidence was introduced for the purpose of showing that the horse was unsound and not worth more than $200. The plaintiff claims that the evidence is incompetent, for the reason that it was not shown that the witness was an expert, or that he was competent to testify regarding these matters. The record, however, does not show how much evidence was introduced regarding his competency. It does not show whether any other deposition of the witness was introduced in evidence, or not; nor whether any other witness testified with regard to

1. Evidence — objection to be particular.

2. Ojection to competency of witness; all the evidence not in record.

his competency, or not. He may have been shown to be competent by an abundance of evidence outside of the deposition; but this deposition itself shows that the witness had been in the business of taking care of horses and training them for races for more than ten years, and that he had this particular horse in charge and training for three or four months during the summer of 1884; and the material question in this connection was: What was the value of the horse on May 16, 1884? This claim of error must be overruled. The objection to the deposition was not sufficient. It is not sufficiently shown in this court that it was not shown in the court below that the witness was sufficiently competent to testify with reference to the matters to which he did testify; and we are also inclined to think that even the evidence brought to this court sufficiently shows that the witness was competent to testify, not that the horse actually had heart disease, but that he was unsound, that something ailed him, and that he was not worth more than $200. As to the value of the testimony, that is another thing. It was probably sufficient to go to the jury.

The next claim of error is, that the court below erred in not admitting on the hearing of the motion for a new trial the oral testimony of jurors, relating to their finding concerning the value of the horse. The plaintiff made a motion for a new trial, setting forth five grounds therefor, and afterward amended his motion by setting forth another ground therefor; and in this motion the plaintiff stated that affidavits would be used and read in support of the motion. On the hearing of the motion the plaintiff offered to introduce the oral testimony of certain of the jurors, and the defendants objected, claiming that only affidavits should be used; and the court sustained the objection. Matters of this kind are almost wholly within the sound judicial discretion of the trial court, and unless the supreme court can clearly see that in the particular case the trial court abused its discretion, it will not reverse its ruling. As a rule, affidavits only are used in such cases, but oral testi-

3. New trial; refusal to hear oral testimony of jurors, not error; practice.

mony may also be used. Now it does not appear in this case that the trial court abused its discretion. There was no sufficient showing that the jurors would not give their affidavits concerning the matter; and besides, the defendants were led to believe from the motion of the plaintiff himself that only affidavits would be used, and therefore the defendants made no effort to procure the attendance of jurors.

The next claim of error is, that the court below erred in refusing to grant a new trial upon the ground of newly-discovered evidence. Now it does not appear that there was any newly-discovered evidence; on the contrary, the evidence offered as newly-discovered evidence was not newly discovered, and was merely cumulative and principally to impeach the evidence of one of the defendants.

The judgment of the court below will be affirmed.

All the Justices concurring.