## SCHOOLFIELD v. BRUNTON ET AL.

1. JURISDICTION—WAIVER OF OBJECTION TO.

A party waives all objections to the jurisdiction of the court by reason of the manner in which the cause was brought before it, by entering upon the trial and contesting the cause upon its merits.

2. PRACTICE—CORRECTION OF VERDICT.

A verdict may be corrected, in form or substance, to make it show the real intention of the jury.

3. VERDICT—NEW TRIAL—MISCONDUCT OF JURY.

It is misconduct on part of the jury in arriving at the amount of their verdict, and is sufficient to vitiate the same, to agree in advance that each juror name a sum and the aggregate of the sums named be added together and divided by the number of jurors, and the result so ascertained adopted as the amount.

4. PRACTICE—EVIDENCE UPON MOTION FOR NEW TRIAL.

While it is not usual to examine witnesses in court orally upon a motion for a new trial, it is within the discretion of the trial court. As a rule, affidavits only are used in such cases, but oral testimony is also admissible.

5. APPELLATE PRACTICE.
When all the evidence offered on the hearing of the motion for a new
    trial is not before the appellate court, the finding of the court be-
    low will be accepted as correct.

*Error to the County Court of Custer County.*

THIS action was originally instituted before J. S. Truex, a justice of the peace, on the 28th day of June, 1890. Summons was served on the defendant June 30, 1890; made returnable on the 5th day of July, 1890. On that day an affidavit for a change of venue was filed in behalf of plaintiffs, and the change of venue granted to one L. D. Jerome, a justice of the peace, and the papers in the case given to the constable, A. W. Hendricks, to be delivered. It appearing that L. D. Jerome had removed from the county, the constable delivered the papers to William B. Wadsworth, another justice of the peace, and they were filed in his office on the 12th day of September, 1890.

A notice was served upon defendant to appear before said justice on the 15th day of September, 1890. On that day defendant entered a special appearance for the purpose of moving to dismiss the action for want of jurisdiction. The motion to dismiss being overruled, defendant refused to appear for trial. Testimony was then heard by said justice and judgment rendered for the sum of $100 and costs, against defendant. Defendant appealed from this judgment to the county court of Custer county, and on the 1st day of December, 1890, entered a special appearance in that court and filed his motion to dismiss the action for want of jurisdiction. Plaintiffs failing to appear, cause was continued upon motion of defendant's counsel. On the 1st day of July, 1891, the motion to dismiss was overruled. Afterwards, by consent of all the parties, the cause was set for trial at the hour of ten o'clock in the forenoon of March 4, 1891, and on that day tried to a jury. Upon this trial defendant appeared by counsel and took part in the trial. The jury returned a verdict in favor of plaintiffs, which is not preserved in the rec-

ord, and were thereupon discharged. The proceedings then
had, as recited in the record, are as follows:

" And thereupon it is made to appear to the court by coun-
sel of record for the plaintiffs that the verdict returned is
insufficient in form, and it further appearing that none of the
jurors have retired from the court room, it is considered and
ordered by the court that the order discharging the said jury
be and it is revoked, and the said jury is immediately re-
called for the purpose of reforming the said verdict, and
thereupon the said jury retire again from the court in charge
of the sworn officer, and after a brief space of time they re-
turn again into court, are again polled by the clerk of this
court, and present their verdict which is in words and fig-
ures following:

" We, the jury in the above entitled cause, find the issues
for the plaintiffs, and assess their damages at $80.00 and
costs."

Thereupon a motion for a new trial was filed, specifying
among other grounds misconduct on the part of the jury in
arriving at the amount of their verdict in that each juror
named a sum, which several sums were added together and
the aggregate divided by the number of jurors, with the
agreement in advance that the result ascertained should be
adopted as the amount of the verdict. In support of the
motion plaintiffs filed the affidavits of two jurors. Upon
the hearing of the motion the court permitted those jurors
to be called and examined, and also other members of the
jury. The motion for new trial was overruled and judgment
entered upon the verdict for $80.00 and costs. To reverse
this judgment defendant below brings the cause here on
error.

Mr. WALLACE SCHOOLFIELD and Mr. J. H. H. LOW, for
plaintiff in error.

Mr. JOHN T. MCNEELEY, for defendants in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

It is unnecessary to determine whether the justice of the peace, Wadsworth, obtained jurisdiction of the cause by reason of the manner in which the same was brought before him, or whether the county court erred in overruling the motion to dismiss for want of such jurisdiction, since the plaintiff in error waived all objections to the jurisdiction of the county court by entering upon the trial and contesting the cause upon its merits. *C. C. R. Co. v. Caldwell*, 11 Colo. 545.

The action of the court in recalling the jury to correct their verdict under the circumstances did not constitute reversible error. So far as the record discloses, the correction made was one of form only, and that, as corrected, it was the same in substance as the former verdict. The right to correct or amend a verdict in form or substance even, to make it show the real intention of the jury, has been exercised by courts from a very early period. Sec. 2642, Thompson on Trials, vol. 2, and cases cited.

In this instance, therefore, the correction might have been made by the court itself, and hence was certainly permissible by the jury. Since the correction was one of form only, and the separation of the jurors in no manner prejudiced the rights of plaintiff in error, the objection must be overruled.

The alleged misconduct of the jury in arriving at the amount of the verdict, if proven, would have vitiated the verdict; but all of the testimony introduced upon the hearing, and upon which the court below decided the motion, is not before us. While the affidavits of the jurors Evans and Howard would, if uncontradicted, sustain this ground of the motion, yet it appearing that they were examined and testified orally, and that three other jurors also testified orally upon the hearing, we cannot say that upon their oral testimony and the testimony of the other jurors the court below was not justified in holding that, notwithstanding the affidavits, there was no previous agreement shown that the jury

should adopt the result ascertained in the manner alleged as the amount of their verdict.

It is insisted by counsel for plaintiff in error that the oral testimony was inadmissible and ought not to have been considered. While it is not usual to examine witnesses in court orally upon a motion for a new trial, yet we think that that is a matter within the discretion of the trial court. The only direct adjudication we have found upon this subject is in. the case of *Gano v. Wells*, 36 Kan. 688, wherein the court say :

" Matters of this kind are almost wholly within the sound judicial discretion of the trial court, and unless the supreme court can clearly see that in the particular case the trial court abused its discretion, it will not reverse its ruling. As a rule, affidavits only are used in such cases, but oral testimony may also be used."

The oral testimony therefore being admissible, and all the evidence offered on the hearing of the motion not being before us, we cannot determine the correctness of the trial court's finding thereon, and upon this review must accept the finding of the court below as correct. The judgment is accordingly affirmed.

*Affirmed.*