## ISAAC S. BORLEY *vs.* HENRY ALLISON.

Worcester. January 7, 1902. — April 4, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Libel. Evidence. Agency. Practice, Civil. Rules of Court.*

In an action for libel by one partner of a former firm of insurance agents against the other, the alleged libel consisted of a circular letter sent by the defendant to the various insurance companies represented by the agency. The defendant objected to the exclusion of a letter sent by the plaintiff to the special agents of the insurance companies, three days before the defendant's circular, making charges against the defendant, and of a report thereon of a committee exonerating the defendant. The defendant's circular did not refer to the plaintiff's letter, and it did not appear that the defendant knew of the plaintiff's charges against him when he wrote the alleged libel. *Held*, that the exclusion was right.

In an action for libel, a postscript to a letter relating to the business carried on at the defendant's office, written by one in charge of the office under the defendant and speaking of the plaintiff's "crooked manner of doing business," is admissible to show malice on the part of the defendant. It could be found that the agent acted within the scope of his authority.

Rule 31 of the Superior Court requires a verification by affidavit as a condition precedent to hearing a motion for a new trial founded on facts not apparent upon the record. When the preliminary verification by affidavit has been made, the motion comes on for hearing upon contested facts like any other motion. LATHROP, J., although delivering the opinion of the court, stated his own view to be that under the rule a judge in his discretion might hear oral testimony on a motion for a new trial when no affidavit had been filed.

On a motion for a new trial founded on the alleged fact that some of the jury were biassed and had expressed views against the party making the motion, and that this did not come to the knowledge of the party or his counsel until the trial was in progress, the fact that the party making the motion had made during the trial a previous application to the judge in the lobby, does not dispense with the requirement of Rule 31 of the Superior Court, that facts not appearing on the record shall be verified by affidavit before a motion founded upon them can be heard. The previous application is only material to show that the matter was called to the attention of the judge as soon as it was known.

TORT FOR LIBEL.   Writ dated October 25, 1899.

At the trial in the Superior Court before *Hardy,* J., the jury returned a verdict for the plaintiff in the sum of $4,500; and the defendant alleged exceptions.

*W. H. Atwood & C. A. Batchelder,* for the defendant.

*H. Parker & W. P. Hall,* for the plaintiff.

LATHROP, J.   This is an action of tort for libel.   The answer contains a general denial, sets up the truth of the charges, and alleges that the communication was privileged.   The plaintiff and defendant were partners in the insurance business, under the firm name of Allison and Borley; and the alleged libel was contained in a circular letter written by the defendant to the various insurance companies represented by the agency of Allison and Borley, after a notice of the dissolution of the firm had been given by the defendant, and after the plaintiff had made charges in writing against the defendant affecting his integrity, to the special agents of the companies represented by the firm, resulting in the appointment of a committee of such agents to investigate the affairs of the firm, and while the office was in charge of an agent.

The jury returned a verdict for the plaintiff; and the case is before us on the defendant's exceptions.

1. The first exception is to the exclusion of evidence of the charges made by Borley and the report thereon of the committee appointed to investigate the charges, which exonerated the defendant.   There was evidence that this investigation was had at the request of the plaintiff.   His charges were dated December 21, 1898; and the alleged libel was dated three days later.   The report of the committee was dated January 30, 1899.

The defendant contends that his communication was a privileged one, being made to the insurance companies which his agency represented, and that therefore the charges made against him by the plaintiff and the report of the committee thereon were admissible.   One attacked by a slander or libel has a right to defend himself, but he has no right to turn his defence into a slanderous or libellous attack, unless it clearly appears that such attack was necessary for his justification.   See Odgers on Libel & Slander, (3d ed.) 251 *et seq.*   The plaintiff's charges attacking the defendant were addressed to the special agents of the

insurance companies, who were asked to make an investigation. The defendant's letter was sent to the insurance companies. It contains no word of defence of the charges made by the plaintiff, and apparently was written in ignorance that such charges had been made, but makes charges against the plaintiff. It concludes with the sentence: " The subscriber regrets the annoyance that may be caused the various companies, some of whom he has represented many years, and would request that after such an investigation that may be necessary to ascertain the truth of the foregoing, your agency may be reissued to the writer." We find nothing in the bill of exceptions to show that the defendant knew of the plaintiff's charges against him when he wrote the alleged libel, and the latter cannot therefore be considered as a reply to the charges made by the plaintiff; nor are the charges, under such circumstances, admissible in mitigation of damages, on the ground of provocation.

2. The second exception relates to the admission in evidence of a postscript to a letter written by one Batchelder to one Fessenden, and dated December 17, 1898, in which the plaintiff's " crooked manner of doing business " was mentioned. This evidence was admitted solely for the purpose of proving malice. There was evidence that Batchelder was put in charge of the office by the defendant, after the plaintiff was excluded, and acted under the defendant's instruction; and the jury might well infer from the contents of the letter that it related to the business carried on at the defendant's office, and that Batchelder acted within the scope of his authority. If so, the defendant would be responsible for his acts. See *Curtis* v. *Mussey*, 6 Gray, 261; *Zinn* v. *Rice*, 161 Mass. 571; *Marsh* v. *Hammond*, 11 Allen, 483. We are therefore of opinion that the second exception must be overruled.

3. The third exception relates to a motion for a new trial. On the morning of the second day of the trial, the counsel for the defendant, in the presence of the counsel for the plaintiff, said to the presiding judge, in the lobby, that it had come to his knowledge that morning for the first time that one of the jurors had formed and expressed an opinion, and was biassed and prejudiced against the defendant, and that the juror had made threats against the defendant in conversation concerning the case on

trial; and offered to produce a witness to substantiate the statement, and requested the court to investigate the affair fully. The court declined to act then, and reserved the matter to be acted on later, if necessary.

After the verdict in favor of the plaintiff, the defendant filed a motion for a new trial, one of the grounds being as follows: " Because the jury or some of them prior to the impanelling had formed and expressed an opinion and were biassed and prejudiced against the defendant, which fact did not come to the knowledge of the defendant or his counsel till after the trial was in progress."

At the hearing upon this motion the counsel for the defendant called the court's attention to the statement previously made in the lobby concerning the juror, and stated that he was unable to get an affidavit to file in support of the allegation of fact in the motion, the witness refusing to make one, but that the witness was present upon a subpœna; and the counsel offered oral evidence in support of this ground of the motion for a new trial. The plaintiff's counsel objected on the ground that the offer was in violation of Rule 31 of the Superior Court, and the court declined to hear any oral testimony in support of the motion, and rejected the testimony. The motion for a new trial was overruled.

The case was tried at the November sitting of the court in the year 1900. The rules then in force were passed on February 3, 1900, and took effect on the first Monday in July of that year. Rule 31 of the common law rules reads as follows:

" The court will not hear any motion grounded on facts, unless the facts are verified by affidavit or are apparent upon the record and the papers on file in the case, or are agreed and stated in writing, signed by the parties or their attorneys. And the same rule will be applied to all facts relied on in opposing any motion."

This rule is in accord with Rule 18 of the rules which took effect on January 1, 1860, and with Rule 21 of 1874. Rule 33 of the rules which took effect on July 1, 1886, contained the words " oath or affirmation," instead of the word " affidavit." This is in accord with Rule 12 of the common law rules of our court.

A majority of the court is of opinion that Rule 31 of the Superior Court requires a verification by affidavit as a condition precedent to the right of the party making the motion to be heard upon its allowance, and that as no affidavit was filed in the present case the judge rightly refused to hear testimony and overruled the motion. The majority is also of opinion that, the preliminary verification by affidavit required by the rule having been made, when a motion comes on for hearing upon contested facts it is to be heard like any other motion.

My own view as to the construction of the rule is that it has been settled by the decision of this court in *Spaulding* v. *Knight*, 118 Mass. 528, that an affidavit is not essential as a preliminary requirement to the hearing of a motion for a new trial, and that the judge in his discretion may hear oral testimony, although no affidavit has been filed. It seems to me, therefore, that the judge in the case before us might in his discretion have admitted or rejected oral testimony; but that, as there is nothing in the bill of exceptions to show that he did not reject the testimony as matter of discretion, the excepting party has no ground of complaint.

We see no force in the argument of the counsel for the defendant that the rule does not apply because of the previous application to the court in the lobby. The question arose on the motion for a new trial, and the previous application was of importance only to show that the matter was called to the attention of the judge as soon as it was known.

It is further urged that the rule cannot in any way abridge the rights of the parties under the Pub. Sts. c. 153, § 8. This section gives the right to a party aggrieved by " an opinion, ruling, direction, or judgment of the court in matters of law," to " allege exceptions thereto "; and it applies to motions for a new trial, but it has no application to this case.

*Exceptions overruled.*