MARY MANNING *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    January 12, 1905. — March 3, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Practice, Civil,* New trial.  *Jury and Jurors.  Rules of Court.  Evidence,* Best and secondary.

On a motion for a new trial on the ground of the disqualification of a juror, if the affidavits aver that the disqualification was unknown to the party making the motion or his attorney before the juror was called, sworn or served, it may be found by the presiding judge in his discretion that neither the moving party nor his attorney was at fault in not making an objection to the juror before the verdict without its being shown that either of them made inquiry or investigation in regard to the juror before the trial.

On a motion by a street railway company, against which a verdict for personal injuries has been returned, for a new trial on the ground that one of the jurors rendering the verdict had been convicted of a scandalous crime and was not of good moral character, the facts, that this juror-worked as a laborer upon the streets and in the yard of the railway company and that a witness in the case was at one time the foreman under whom he worked, do not show neglect on the part of the railway company or its attorney in failing to know the character of the juror before the trial.

Under Rule 81 of the Superior Court a judge of that court properly can hear a motion for a new trial on affidavits with or without oral testimony to support them.

Convictions of crime properly can be shown by docket entries if the records have not been extended.

On a motion for a new trial on the ground that one of the jurors returning the verdict had been convicted of a scandalous crime and was not of good moral character and that this was unknown to the party making the motion or his attorney until after the verdict, if it appears that in a period of several years there were eight criminal cases against the juror in the Superior Court in most of which he had been convicted and sentenced to imprisonment, and that in

a period of twenty-three years there had been twenty-eight criminal prosecutions against him in the municipal court of the city in which he lived, in all of which he had been convicted and in many of which he had been sentenced to imprisonment, and that the latest sentence was imposed less than thirteen months before the trial, it is a proper exercise of judicial discretion for the presiding judge to find that the juror is not of good moral character and is disqualified, and to grant a new trial on this ground.

The decision of a trial judge in the proper exercise of his discretion on a motion for a new trial, that one of the jurors who returned the verdict was not of good moral character and was disqualified, and the granting of a new trial on this ground, are not subject to revision by this court.

TORT for personal injuries incurred while alighting from a car of the defendant at its transfer station at Dorchester Avenue in Boston.    Writ dated January 22, 1903.

At the trial in the Superior Court before *Bell*, J., the jury returned a verdict for the plaintiff in the sum of $1,187.    The defendant before judgment moved that the verdict be set aside on the grounds: 1. That it is against the evidence.    2. That it is against the weight of the evidence.    3. That the damages awarded are excessive.    4. For misconduct of one of the jurors.    5. A juror sitting on the above named case is not of good moral character.    6. That a juror sitting on the above named case was incompetent to sit, he having been convicted of a scandalous crime within the meaning of R. L. c. 176, § 8, and that such crime or reason for objection was unknown to the defendant or its attorney before the juror was called, sworn or served.

The judge denied the motion on the first four grounds, and on the fifth and sixth grounds granted the motion, and set aside the verdict.    The plaintiff alleged exceptions to the refusal of the judge to make certain rulings requested by her at the hearing of the defendant's motion which are stated in the first paragraph of the opinion.

*T. F. Waldron & James J. McCarthy*, for the plaintiff.    The presiding judge having refused to set aside the verdict as against the evidence or the weight of the evidence or because the damages awarded were excessive, and also having refused to set it aside on account of misconduct of the juror whom the judge found to be disqualified, a new trial should not have been granted on account of the disqualification, as it does not appear that any injustice was done or that the character of the juror, who was not guilty of misconduct during the trial, injuriously

affected the defendant, citing among other cases *Commonwealth* v. *Wong Chung*, 186 Mass. 231, with other points which are mentioned in the opinion.

*J. H. Baldwin*, for the defendant.

KNOWLTON, C. J.   The questions in this bill of exceptions arose upon a motion for a new trial, the important grounds of which were that a juror sitting in the case had been convicted of a scandalous crime and was not of good moral character.   On these grounds the verdict was set aside.   The plaintiff excepted to the refusal of the presiding judge to make four rulings requested, of which the first two were, in substance, that upon the motions filed and the affidavits in support thereof and the evidence the defendant was not entitled to a new trial.   The third became immaterial, because the judge found in favor of the plaintiff upon the part of the motion to which it related. The fourth was that the defendant was not entitled to a new trial because the affidavits were filed too late.   This exception was not argued.

1. The affidavits sufficiently averred that the disqualification of the juror was " unknown to the defendant or its attorney before the juror was called, sworn or served," and they warranted a finding that neither the defendant nor its attorney were in fault in not making an objection to him before the verdict.   In appealing to the discretion of the court, it was not necessary to aver or prove that they made inquiry or investigation in regard to the juror before the trial.   The facts that he had worked as a laborer upon the streets and in the yard for this defendant which employs many hundreds of men, and that a witness in the case was at one time the foreman under whom he worked, do not show neglect on the part of the defendant or its attorneys in failing to know his character.

2. It was proper, under Rule 41 of the Superior Court, for the judge to hear the motions on affidavits, with or without additional oral testimony.   *Borley* v. *Allison*, 181 Mass. 246, 250. *Spaulding* v. *Knight*, 118 Mass. 528.

3. Convictions of crime properly could be shown by docket entries if the records had not been extended.   *Commonwealth* v. *Meehan*, 170 Mass. 362, 363, 364.   See *DeMontague* v. *Bacharach*, *ante*, 128, 133.   Moreover these docket entries were received

without objection, and it is now too late to raise a question in regard to them.

4. The records showed eight cases against the juror in the criminal sessions of the Superior Court for Suffolk County, covering several years, in most of which he had been convicted and sentenced to imprisonment. They also showed twenty-eight criminal prosecutions against him in the Municipal Court for the City of Boston, covering altogether a period of more than twenty-three years, in all of which he had been convicted, and in many of which he had been sentenced to imprisonment. The latest sentence to imprisonment was imposed less than thirteen months before this trial. The judge hardly could do otherwise than find that he was not of good moral character and was not qualified to serve as a juror.

Upon the facts of this case the defendant was not entitled as matter of law to have the verdict set aside; but the judge well might allow the motion, in the exercise of his discretion. *Commonwealth* v. *Wong Chung*, 186 Mass. 231. It was a case appealing with peculiar force to the discretion of the court, and the judge properly might find that the failure to have a panel of twelve qualified jurors, and the participation of this disqualified person in the decision of the case, were an injustice to the defendant which called for a new trial. His decision upon a question of this kind is not subject to revision in this court. *Shea* v. *Lawrence*, 1 Allen, 167. *Behan* v. *Williams*, 123 Mass. 366. *Commonwealth* v. *White*, 147 Mass. 76; *S. C.* 148 Mass. 429. *Perry* v. *Shedd*, 159 Mass. 200. *Freeman* v. *Boston*, 178 Mass. 403.

*Exceptions overruled.*