Sullivan, }
May 1, 1906. }

### GOODWIN & a. *v.* BLANCHARD & a.

Where counter-affidavits of jurors are submitted in support of a verdict which is assailed on the ground of their misconduct, it is within the discretion of the trial court to permit the moving party to cross-examine them with respect to the statements made therein.

ASSUMPSIT, for breach of a written agreement. Trial by jury and verdict for the plaintiffs for one cent damages. In support of their motion to set aside the verdict and for a new trial, on the ground of alleged misconduct of jurors in making up the verdict, the plaintiffs submitted the affidavit of the sheriff who had charge of the jury during their deliberations. The defendants submitted counter-affidavits of some of the jurors. The plaintiffs then moved for leave to bring the jurors into court and examine them "in explanation or contradiction" of their affidavits. The motion was denied solely as a matter of law, and the plaintiffs excepted. The motion to set aside the verdict was also denied. Transferred from the May term, 1905, of the superior court by *Pike*, J.

*Burt Chellis* and *Allen Hollis*, for the plaintiffs.

*Ira Colby & Son* and *Hosea W. Parker*, for the defendants.

BINGHAM, J. The plaintiffs did not have the legal right to bring the jurors who had given affidavits in opposition to their motion before the trial judge and have them orally examined, even

if their testimony would have been competent. The conduct of hearings on motions is largely within the judicial discretion of the trial judge. He may require a motion involving an issue of fact to be heard upon affidavits only, and his ruling will not be set aside. unless it is clear that in the particular case he abused his discretion. *Strom* v. *Railway,* 81 Minn. 346, 348, 349; *State* v. *King,* 88 Minn. 175, 184; *Gano* v. *Wells,* 36 Kan. 688; *Schoolfield* v. *Brunton,* 20 Col. 139; *People* v. *Tucker,* 117 Cal. 229. He may require the moving party to present his whole case at once, and decline to receive affidavits or other proof in rebuttal of counter-affidavits. *Ames* v. *Howard,* 1 Sumn. 482, 491. He may cause persons who have made *ex parte* affidavits in support of a motion to be brought before him and examined orally with respect to statements made in their affidavits and how they came to give them, for the purpose of testing their knowledge and credibility. *Glidewell* v. *State,* 15 Lea 133; *Moore* v. *State,* 96 Tenn. 209; *People* v. *Lee Chuck,* 78 Cal. 317, 339; *United States* v. *Lloyd,* 4 Cranch C. C. 472. But it is not within his power to require persons who have made *ex parte* affidavits, either in support of or in opposition to a motion, to give additional affidavits. *Forshee* v. *Abrams,* 2 Ia. 571; *Grady* v. *State,* 4 Ia. 461.

In this state it is provided by a rule of court that no motion grounded upon facts that do not appear in the record or papers on file in the case, or that are not agreed to in writing, will be heard by the court, either in support of or in opposition to the motion, unless the facts are verified by affidavit. Rule of Court, No. 48, 56 N. H. 589; Rule of Court, No. 43, 71 N. H. 682. This rule is the same as one adopted by the superior court of Massachusetts. *Spaulding* v. *Knight,* 118 Mass. 528. While the trial court, on the hearing of a motion involving an issue of fact, may receive the oral testimony of witnesses, it would seem that the practice commonly recognized or fixed by rule of court, of only receiving affidavits, should not be departed from unless it be in exceptional cases and to avoid a miscarriage of justice. *Gardner* v. *Webber,* 16 Pick. 251; *Fowler* v. *Colton,* 1 Pin. 331, 338; *Carr* v. *Bank,* 18 Wis. 268; *Strom* v. *Railway, supra; State* v. *Stackhouse,* 24 Kan. 445, 454; *Tyler* v. *Safford,* 24 Kan. 580, 582; 1 Enc. Pl. & Pr. 333; 14 *Ib.* 147, 148, 149; 1 Wig. Ev., s. 4.

In this case the affidavits of the sheriff and the jurors were put in evidence without objection. We are therefore not called upon to decide whether they were competent to be considered on the question raised by the motion. Conceding that they were competent, it was within the discretion of the trial judge to grant the plaintiffs' request to cross-examine the jurors with respect to the statements there made, and how they came to give the affidavits.

When the examination is thus limited no legal objection is apparent. The trial judge, however, without exercising his discretion, ruled as a matter of law that the plaintiffs were not entitled to so examine the jurors. This was error.

*Case discharged.*

All concurred.