COMMONWEALTH *vs.* MICHAEL F. COGGINS, JUNIOR.

Middlesex.    May 2, 1949. — July 21, 1949.

Present: QUA, C.J., DOLAN, RONAN, SPALDING, & WILLIAMS, JJ.

*Practice, Criminal,* New trial, Capital case, Appeal with assignment of errors.    *Constitutional Law,* Due process of law.

A murder case did not remain a "capital case" within G. L. (Ter. Ed.) c. 278, § 33E, as amended by St. 1939, c. 341, after a verdict of guilty of murder in the second degree.

A refusal by a trial judge to receive oral testimony, instead of affidavits, in support of a motion for a new trial in a criminal case was permissible Massachusetts practice and did not deprive the defendant of due process of law contrary to the Fourteenth Amendment to the Federal Constitution.

An assignment of error in a criminal case tried subject to G. L. (Ter. Ed.) c. 278, §§ 33A–33G, as amended, is ineffective if not based on a properly saved exception.

INDICTMENT, found and returned on April 8, 1947.

The case was tried before, and motions for a new trial were heard by, *Pinanski*, J.

*J. P. Donahue,* for the defendant.

*L. C. Sprague,* Assistant District Attorney, for the Commonwealth.

WILLIAMS, J. On November 14, 1947, the defendant and one Ralph P. Dupont were found guilty of murder in the second degree on an indictment which charged "that Ralph P. Dupont and Michael F. Coggins, the younger of that name, on the first day of March in the year of our Lord one thousand nine hundred and forty-seven at Lowell, in the County of Middlesex aforesaid, did assault and beat Mario Grimolizzi with intent to kill and murder him, and by such assault and beating did kill and murder said Mario Grimolizzi." The trial was subject to the provisions of G. L. (Ter. Ed.) c. 278, §§ 33A–33G, as amended in § 33E by St. 1939, c. 341. There was no claim of appeal filed by the defendant (§ 33B), and the assignments of error now before us relate to the hearing and disposal of two later motions for a new trial which were heard by the judge who presided at the trial.

The murder of which the defendant and his codefendant were convicted was committed in connection with an attempted armed robbery. The principal issue at the trial was the identification of the defendant as one of the two assailants of the victim Grimolizzi. On June 9, 1948, the defendant filed a motion for a new trial supported by affidavits filed on June 22, 1948, which were considered by the judge as though filed with the motion. See Rule 46 of the Superior Court (1932). Affidavits by Theresa Rutina, Doris Faulkner, Jane Sarmento, Gertrude Williams, Donald J. Coggins, and the defendant related to alleged false testimony given by Theresa Rutina at the trial in reference to admissions made to her by the defendant. Her affidavit contained a retraction of her former testimony. Affidavits by Edward Keating and John L. Fralick were to the effect that at the time of the murder the defendant was in their company at a place other than where the crime was committed. Affidavits of John E. Boyle, Stephen J. Doyle and Alfred J. Dupont, Junior, related to the failure of a witness for the Commonwealth, Maureen Gilday, at a time previous to the trial, to identify the defendant as one of the two assailants of Grimolizzi. At the trial she so identified

him.   An affidavit of the codefendant Ralph P. Dupont
contained a denial of the truth of the testimony of a police
officer, Kulickowski, who testified at the trial as to state-
ments made by the defendant in the police station.   The
motion for a new trial was denied after hearing and a "claim
of exceptions" "to all the findings and rulings of this court
wherein and whereupon the said defendant's 'motion for
new trial' was adversely affected and thereupon denied"
was filed by the defendant.   In this claim of exceptions he
incorporated a motion that the case "with all matters
appertaining thereto . . . be removed and transferred to
the Supreme Judicial Court . . . forthwith," which motion
we consider as intended to be a claim of appeal under § 33B.

Thereafter on September 24, 1948, the defendant filed
a second motion for a new trial supported by an affidavit
of Theresa Rutina, similar in substance to the one she had
filed in support of the first motion for a new trial, and one
by George L. Merchant, one of the jurors at the trial, stating
that as a juror he was influenced by the testimony of Theresa
Rutina at the trial.   This second motion was also denied
after hearing, and the defendant filed claims of exceptions
and appeal similar to those filed after the former hearing.

The appeals of the defendant from the denial of these
two motions for new trial are before us accompanied by
eleven assignments of error.

Assignments of error 1 to 4, inclusive, relate to the refusal
by the judge, on request made by the defendant, to issue
compulsory process to bring Ralph P. Dupont and Alfred J.
Dupont, Junior, into court to testify at the hearing on the
second motion.   At that hearing the judge ruled that the
evidence be submitted on affidavit.   The fifth assignment
of error relates to a refusal to issue a writ of habeas corpus
ad testificandum to bring Ralph P. Dupont and Alfred J.
Dupont, Junior, before the court to testify at the hearing.
Assignment of error 6 alleges error by the judge in refusing
to hear oral testimony of Ralph P. Dupont and Alfred J.
Dupont, Junior, and in ruling that their evidence must be
presented by affidavit.   Assignment of error 7 relates to

the refusal to find and rule "as a matter of fact" that the statements of Theresa Rutina in her affidavit were true and that her testimony at the trial was perjured. Assignment of error 8 is similar to assignment 7. Assignment of error 9 is to the failure of the judge to find and rule that the statement of George L. Merchant in his affidavit was a true statement. Assignment of error 10 is to the failure of the judge to find and rule "that, as a matter of fact, the defendant was deprived of a fair trial as a result of the perjured testimony of Theresa Rutina." Assignment of error 11 is to the failure of the judge to find and rule that as a matter of fact the trial and conviction of the defendant was in violation of the defendant's constitutional right to due process of law.

The principles governing the hearing and disposition by a judge of the Superior Court of a motion for new trial on the ground of newly discovered evidence have frequently been stated and need not be repeated. See *Davis* v. *Boston Elevated Railway*, 235 Mass. 482. These principles apply to criminal as well as to civil cases. *Commonwealth* v. *Devereaux*, 257 Mass. 391, 395. *Commonwealth* v. *Gricus*, 317 Mass. 403, 407. A judge is not required to make findings of fact, and his disposal of the motion is to be guided only by the exercise of sound discretion, meaning "sound judi cial discretion, enlightened by intelligence and learning, [and] controlled by sound principles of law." *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 496–497. In hearing the motions in the present case the judge said that he would "assume that this murder case remains a 'capital case,'" doubtless being influenced by the like assumption made by this court for the benefit of the defendant, but without decision, where a verdict of guilty of murder in the second degree was returned on an indictment charging murder in the first degree, in several recent cases.[1] Accordingly he considered all of the affidavits presented by

---

[1] *Commonwealth* v. *Goldenberg*, 315 Mass. 26, 34. *Commonwealth* v. *Venuti*, 315 Mass. 255, 262. *Commonwealth* v. *Kavalauskas*, 317 Mass. 453, 460. *Commonwealth* v. *Hall*, 322 Mass. 523, 530. *Commonwealth* v. *Moore*, 323 Mass. 70, 78–79.

the defendant, without first determining whether they actually presented evidence "newly discovered," and even admitted the clearly incompetent statement of the juror Merchant. See *Woodward* v. *Leavitt*, 107 Mass. 453, 460; *Warren* v. *Spencer Water Co.* 143 Mass. 155; *Commonwealth* v. *Meserve*, 156 Mass. 61; *Shears* v. *Metropolitan Transit Authority*, *ante*, 358, 361. Further, he permitted the defendant to make unsworn oral statements as to what he would present by the evidence of Ralph P. Dupont and Alfred J. Dupont, Junior, if they were personally present. The defendant, although represented at the hearing by an experienced attorney who had conducted the defence of the defendant at the trial, was himself permitted to participate at the hearing by way of statement and argument. It is apparent from the record that the judge afforded the defendant full opportunity to present evidence, whether direct or of a hearsay character, which might warrant the granting of a new trial. Contrary to the assumption of the judge to which reference is above made, after the defendant was convicted of murder in the second degree, the case did not remain a "capital case." The crime charged in the indictment, of which the defendant has been found guilty, is not a capital offence. *Green* v. *Commonwealth*, 12 Allen, 155, 173. *Commonwealth* v. *Ibrahim*, 184 Mass. 255, 258. *Commonwealth* v. *Capalbo*, 308 Mass. 376, 385. The defendant has been sentenced to imprisonment for life. As the proceedings before us do not concern the death penalty we are not required to exercise the "extraordinary power" (see *Commonwealth* v. *Gricus*, 317 Mass. 403, 407) vested in this court by § 33E, as amended by St. 1939, c. 341.

The principal contention made by the defendant in his assignments of error is that he was deprived of due process of law under § 1 of the Fourteenth Amendment to the Constitution of the United States by the refusal of the judge at the hearings on the motions for new trial to permit the presentation of oral testimony. It is settled in this Commonwealth that at a hearing on such a motion the judge of the Superior Court may receive oral testimony,

affidavits, or both. *Spaulding* v. *Knight*, 118 Mass. 528. *Borley* v. *Allison*, 181 Mass. 246. *Manning* v. *Boston Elevated Railway*, 187 Mass. 496, 498. *Universal Adjustment Corp.* v. *Midland Bank, Ltd.* 281 Mass. 303, 307. In *Commonwealth* v. *Millen*, 290 Mass. 406, 410, a capital case, it was said with ample citations of authority, "Oral evidence in support of the affidavits was offered. A party has no right to insist that oral evidence be heard upon a motion. He may be required to present the evidence upon affidavits alone. . . . A judge is no more bound to accept as true an uncontradicted affidavit than to believe an uncontradicted witness." In accordance with the practice in this Commonwealth motions for new trial in both civil and criminal cases ordinarily are heard on the facts as presented by affidavit. In *Commonwealth* v. *Millen*, 289 Mass. 441, 486, 487, it was said in connection with the discussion of a statutory rule as to jury challenges, "The constitutional guaranty of due process does not guarantee to a citizen of a State any particular method of procedure or form of tribunal in civil or criminal cases. A State may provide such procedure as it may determine if it has jurisdiction and provides for due notice of the charge and adequate opportunity to be heard in defence of it." In *Snyder* v. *Massachusetts*, 291 U. S. 97, 105, a capital case before the Supreme Court of the United States on certiorari from this court, it was said by Mr. Justice Cardozo, "The Commonwealth of Massachusetts is free to regulate the procedure of its courts in accordance with its own conception of policy and fairness unless in so doing it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. . . . Its procedure does not run foul of the Fourteenth Amendment because another method may seem to our thinking to be fairer or wiser or to give a surer promise of protection to the prisoner at the bar." It is clear that in the present case the defendant was not deprived of adequate opportunity to be heard in his defence. See *Duane* v. *Merchants Legal Stamp Co.* 231 Mass. 113, 125.

In assignments of error 6, 7, and 8 reference is made to the testimony of Gerald F. McCarthy, a police officer, who, after the defendant had made certain statements, was permitted by the judge, without exception on the part of the defendant, to testify for the Commonwealth in rebuttal. The admission of his testimony was discretionary with the judge. Moreover, an assignment of error to be valid must be based on an exception properly saved. *Commonwealth* v. *Gray,* 314 Mass. 96, 102.

No error appears in any of the matters assigned as error.

*Judgment affirmed.*