**ALLEN v. O'BRIEN, Warden of Massachusetts State Prison.**

**Civ. No. 53–14–F.**

United States District Court,
D. Massachusetts.

April 6, 1953.

Plaintiff, pro se.

Defendant, pro se.

FORD, District Judge.

This is a petition for a writ of habeas corpus. As petitioner alleges, he filed a petition for a writ of error in the Supreme Judicial Court of Massachusetts on July 20, 1948, assigning as error that he was tried on a second-degree murder charge without benefit of counsel in violation of his rights under the Fourteenth Amendment of the Constitution.

Justice Spalding heard the case on the merits on November 10, 1948 and, after a full hearing of the facts, ordered a judgment entered against the petitioner in the Superior Court for Suffolk County affirmed.

Complete and careful findings of fact were made by Justice Spalding. The court found that the petitioner was a man of mature years who had gone to school as far as the eighth grade; that he was mentally sound and quite intelligent for one with his background and education; that he testified in his own behalf and had been informed that witnesses would be subpoenaed for him at the expense of the government. The trial court also informed him of his right to have counsel but stated to him that the state did not furnish counsel for one accused of murder in the second degree (not a capital case). Commonwealth v. Coggins, 324 Mass. 552, 87 N.E.2d 200. The petitioner filed exceptions to the affirmance of the judgment by Justice Spalding and the full bench of the Supreme Judicial Court, after hearing and full discussion of the facts involved, overruled the exceptions to Justice Spalding's affirmance of the judgment. Allen v. Com-

monwealth, 324 Mass. 558, 87 N.E.2d 192. Both the single justice and the full bench found and ruled that under Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595, there were no special circumstances or combination of circumstances compelling the assignment of counsel by the Massachusetts court, neither was there any fundamental unfairness in the conduct of the trial.

Since a full and fair consideration of the federal question involved has been given by the Massachusetts courts and no unusual or extraordinary circumstances appear, White v. Ragen, 324 U.S. 760, 764, 65 S.Ct. 978, 89 L.Ed. 1348, Ex parte Hawk, 321 U.S. 114, 117, 64 S.Ct. 448, 88 L.Ed. 572, and, also, because the petitioner has not exhausted his remedies, in that he has failed to apply for certiorari to the United States Supreme Court, Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L. Ed. 761, the writ is denied and the petition is dismissed.