Grafton
No. 97-875

ELEANOR SMITH & a.

v.

DAVID AND ALICE SHEPARD

October 28, 1999

*Baker & Hayes*, of Lebanon (*Patrick T. Hayes* on the brief and orally), for the plaintiffs.

*Charles E. Dibble, P.C.*, of Contoocook (*Charles E. Dibble* on the brief and orally), for the defendants.

HORTON, J. The plaintiffs, Eleanor Smith and her sisters, Katherine Whitcomb and Bernice Ford, appeal a Superior Court (*Abramson*, J.) order denying an evidentiary hearing and awarding attorney's fees to the defendants, David and Alice Shepard. We affirm.

This case arises from an intra-family dispute that began in May 1988 when Durand Cooley conveyed by deed the bulk of his real property to the defendants, his son-in-law and daughter. The defendants promised Cooley in turn, *inter alia*, to seek subdivision approval so that five-acre lots could be conveyed to each of the plaintiffs. Cooley filed a petition in May 1989 to rescind the conveyance to the defendants, alleging fraudulent misrepresentation. He subsequently died, and the executrix of his estate was substituted as the plaintiff. After a hearing, the Superior Court (*Smukler*, J.), in January 1993, found that the defendants had misrepresented the tax consequences of the conveyance, and the court imposed a constructive trust on the property to reimburse the estate for taxes and other costs.

In January 1995, the executrix filed a petition to bring forward and enforce the 1993 order, claiming that in addition to failing to reimburse the estate for property taxes, the defendants had unlawfully converted estate property and failed to convey satisfactory lots to Cooley's remaining children. After hearing evidence, the trial court ordered the defendants to reimburse the executrix for taxes and to convey to the remaining estate beneficiaries, three of the four Cooley daughters, their preferred lots subject to agreements signed and recorded by the beneficiaries, assenting to restrictive covenants on the lots.

In July 1997, the defendants filed a motion to discharge the constructive trust, asserting that despite their full compliance with the court orders, both the executrix and the beneficiaries refused to perform the acts necessary to discharge the trust. The defendants filed a separate civil action against the executrix, alleging, *inter alia*, abuse of process and malicious prosecution. After conducting a hearing by offers of proof, the trial court in September 1997 granted the defendants' motion and awarded attorney's fees against the beneficiaries for "unreasonably obdurate and obstinate" behavior. The estate moved for reconsideration and requested, *inter alia*, a full evidentiary hearing with cross-examination. Subsequently, the beneficiaries were substituted as plaintiffs in the action. In November 1997, the trial court issued a second, expanded order, modifying its factual findings in part but denying the remainder of the plaintiffs' requests.

On appeal, the plaintiffs allege that the trial court erred in: (1) denying their motion for reconsideration and their request for a full evidentiary hearing; (2) engaging in hostile attacks on the plaintiffs' counsel during the hearing; (3) finding the plaintiffs acted in bad faith without the benefit of live testimony; and (4) finding the plaintiffs acted in bad faith without sufficient evidence.

We note that the plaintiffs make only passing reference in their brief to alleged violations of their due process rights. In addition, they failed to raise due process in their notice of appeal. Hence, we decline to address those claims. *See Cole v. Hobson*, 143 N.H. 14, 17, 719 A.2d 560, 562 (1998); *State v. Summers*, 142 N.H. 429, 434, 702 A.2d 819, 822 (1997).

We first address the plaintiffs' challenge to the denial of their motion for reconsideration and their request for an evidentiary hearing. They assert that the trial court did not properly notify the parties that it intended to conduct the hearing by offers of proof, and that the court should have accepted additional evidence submitted with the motion for reconsideration.

"A motion for reconsideration allows a party to present points of law or fact that the Court has overlooked or misapprehended. We will uphold a trial court's decision on a motion for reconsideration absent an abuse of discretion." *Barrows v. Boles*, 141 N.H. 382, 397, 687 A.2d 979, 990-91 (1996) (citation and quotations omitted).

Neither party disputes that the hearing was conducted by offers of proof. Nor does either party dispute the validity of Superior Court Administrative Order 15, and we will therefore apply it. *Cf.* SUP. CT. R. 54. To take evidence by offer of proof, a trial court is required to "inform the parties of this procedure." SUPER. CT.

ADMIN. ORDER 15. The trial court acknowledged that it "did not make clear that it would rely on offers to determine the facts necessary to disposing of the motion," and it expressly noted that any reference to offers during the hearing "did not constitute the express notice required." The plaintiffs did not object to the procedure, but rather proceeded on offers of proof. The record reveals that the plaintiffs first objected to the hearing procedure in their motion for reconsideration.

■ Because the plaintiffs first raised the issue in their motion for reconsideration, "[t]he trial court had the discretion to either not consider the issue or re-open the record and allow the parties to present evidence." *Palazzi Corp. v. Stickney, Comm'r*, 136 N.H. 250, 254, 619 A.2d 1001, 1003-04 (1992). When the trial court decides not to re-open the record, it should set forth the exact basis for its denial of the motion for reconsideration to allow for meaningful appellate review. *Cf. id.* at 254, 619 A.2d at 1004.

■ Here, the trial court rejected the request for further hearing because "[n]either Plaintiffs nor Defendants have set forth any reasons why further oral argument or evidentiary hearing will assist the Court in determining the merits of the instant motion." We cannot say it was an abuse of discretion for the trial court to determine that additional information was unnecessary to aid its decision.

Moreover, "although Superior Court Rule 59-A entitles a party who has received an adverse ruling on a motion to seek reconsideration, the rule does not purport to authorize either party to submit further evidence bearing on the motion." *Brown v. John Hancock Mut. Life Ins. Co.*, 131 N.H. 485, 492, 558 A.2d 822, 826 (1989). The trial court refused to consider new documents submitted by the plaintiffs "on the ground no reasons have been shown why the information contained therein could not have been presented to the Court" at the September 1997 hearing. The trial court granted the motion in part and amended some of its factual findings that were based on offers of proof because the court determined that the plaintiffs had not received proper notice of the court's intent to accept such evidence. *See* SUPER. CT. R. 59-A(3). Although the trial court might have modified other findings that it determined were based on offers of proof, it was not required to do so, and its decision is supported by the record. We find no abuse of discretion and, accordingly, need not address the factual issues of access and taxes raised by the plaintiffs.

■ The plaintiffs next allege that "[e]ither the Court was predisposed against the plaintiffs themselves and manifested that displeasure by not allowing a proper presentation by their counsel, or the Court was frustrated by plaintiffs' counsel's argument and held that frustration against plaintiffs' interests in the case." Contrary to the plaintiffs' claim that court hostility impeded the presentation of their case, however, the record shows that the trial court afforded plaintiffs ample opportunity to object to every proffer of evidence by the defendants, to present evidence, and to make legal argument. The plaintiffs' argument that they were held to different procedural rules from the defendants is therefore without merit. As counsel conceded at oral argument, "The issues that were raised by [the defendants' counsel] . . . weren't anticipated well enough by [the plaintiffs' trial counsel] . . . ." Any inability to present evidence thus appears to have resulted from trial counsel's failure to anticipate issues, not the trial court's demeanor toward the plaintiffs. Accordingly, we find no basis for reversing the trial court. *Cf. Bricker v. Sceva Speare Hosp.*, 114 N.H. 229, 233, 317 A.2d 563, 566 (1974) (absent supporting facts, mere opinion of court hostility unpersuasive).

The plaintiffs next contend that the trial court was required to observe live testimony before making a finding of bad faith. "The conduct of hearings on motions is largely within the judicial discretion of the trial judge." *Goodwin v. Blanchard*, 73 N.H. 550, 551, 64 A. 22, 22-23 (1906).

■ The defendants' motion to discharge the constructive trust, filed well over a month prior to the hearing, clearly notified the plaintiffs that the defendants were seeking attorney's fees. The plaintiffs were entitled, within ten days of the defendants' filing of their motion, to request oral argument or an evidentiary hearing. *See* SUPER. CT. R. 58. The record does not indicate, and the plaintiffs do not allege, that they submitted such a request to the trial court. Therefore, the plaintiffs had no right to any hearing, evidentiary or otherwise, except as the trial court might determine.

■ The plaintiffs cite no authority requiring the trial court to consider live testimony before finding bad faith to support an award of attorney's fees. The cases they cite simply hold that if the trial court does hear live testimony, it has broad discretion in assessing credibility. *See, e.g., Finlay v. Frederick*, 135 N.H. 482, 489, 606 A.2d 1375, 1379 (1992); *Gilliam v. Walstons Corporation*, 105 N.H. 373, 377, 201 A.2d 107, 110 (1964). Indeed, because a "fee award does not require proof of a subjectively intended injury, but may rest on the

objectively gratuitous character of the litigation," *Keenan v. Fearon*, 130 N.H. 494, 502, 543 A.2d 1379, 1384 (1988), probing the party's subjective intent through direct and cross-examination may be unnecessary. Even if, as the plaintiffs contend, previous judges had found the defendants not credible, their findings are not binding on the trial court here, which considered only conduct occurring after the 1995 order. We thus decline to adopt the plaintiffs' proposed rule and conclude the trial court did not abuse its discretion.

█ Lastly, the plaintiffs argue that the offers of proof were insufficient for the trial court to find bad faith. The decision to award attorney's fees is within the trial court's discretion and will not be disturbed unless it is clearly wrong or unsupported by the evidence. *See St. Germain v. Adams*, 117 N.H. 659, 663, 377 A.2d 620, 623 (1977). "We give great deference to a trial court's rulings regarding attorney's fees." *Merrimack School Dist. v. Nat'l School Bus Serv.*, 140 N.H. 9, 14, 661 A.2d 1197, 1200 (1995). Such an award "must be supported by a specific finding of bad faith, such as obstinate, unjust, vexatious, wanton, or oppressive conduct." *Pugliese v. Town of Northwood*, 119 N.H. 743, 752, 408 A.2d 113, 119 (1979).

█ The trial court found that the defendants had attempted in good faith to comply with every requirement imposed by previous court orders. It further found that the plaintiffs failed to exercise their option to select their preferred lots despite the defendants' repeated requests, demanded without legal right that the defendants provide deeded right-of-way access to the preferred lots, and required the defendants to pay taxes on property not subject to the court order which mandated that the defendants pay taxes. Finding that the plaintiffs "obstructed the termination of this litigation by interposing issues and disputes outside the scope of the Court's prior orders . . . [without] legitimate basis," the trial court concluded that the plaintiffs acted in bad faith.

We recognize that during the course of litigation spanning almost ten years, issues of dilatory or unfair conduct as the basis for sanctions are likely to arise. In such cases particularly, we remind trial courts to exercise their discretion to award attorney's fees cautiously and only to answer the demands of justice. *Cf. Nepera Chemical, Inc. v. Sea-Land Service*, 794 F.2d 688, 702 (D.C. Cir. 1986). Upon our review of the record here, however, we cannot say

that the trial court's decision to award fees was either clearly wrong or unsupported by the record.

*Affirmed.*

THAYER, J., did not sit; the others concurred.