## COMMONWEALTH *vs.* GEORGE W. MESERVE.

Suffolk.    February 1, 1892. — February 25, 1892.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Motion for New Trial — Declarations of Juror of Statement in Jury-room —*
*Exceptions.*

On a motion for a new trial, evidence of statements to other persons made by a juror, subsequent to the verdict, of what he said in the jury-room during the deliberations of the jury is inadmissible; and the testimony of two of the jurors that there had been no evidence at the trial to show that the defendant kept one of the worst houses at a certain locality and cheated everybody, "except the statement of the juror H.," by which was meant his statement in the jury-room, cannot be regarded as evidence of what that statement was; and if it could, it would be excluded on grounds of public policy.

The provisions of the Pub. Sts. c. 153, § 12, as amended by the St. of 1891, c. 362, include exceptions taken to the rulings of a single justice before whom a motion for a new trial is heard, and by whom it is decided, and are not confined to exceptions taken in the course of the trial of the case itself.

MOTION FOR A NEW TRIAL.   After the decision reported 154 Mass. 64, the defendant filed this motion, on July 27, 1891, assigning as his first cause that he was informed that, while the jurors were deliberating in the jury-room upon their findings, one of them stated to the others, in substance, that he " had known that Meserve for twelve years ; he kept one of the worst houses at Crescent Beach, and cheated everybody all round "; and that the statement was false, and not justified by the evidence.

The defendant testified that, after the verdict, he conversed with one Herbert, a juror at the trial, and offered to show that Herbert stated that he (Herbert) had done and said certain things while acting as juror which were improper and in violation of his oath as juror, the same as set forth in the first ground of his motion for a new trial; but the offer was excluded.   Two witnesses called by the defendant were asked whether there had been any evidence at the trial to show that the defendant " kept one of the worst houses at Crescent Beach, and cheated everybody all round," and answered, substantially, no, " except the statement of the juror Herbert," meaning his

statement in the jury-room. The court overruled the motion, and the defendant alleged exceptions.

*E. Avery & G. R. Swasey,* for the defendant.

*C. N. Harris,* Second Assistant Attorney General, for the Commonwealth.

FIELD, C. J. It is not denied that the testimony of a juror to what he said in the deliberations of the jury-room is inadmissible as evidence on a motion for a new trial, or that one juror cannot be permitted to testify to what was said by another juror during such deliberations ; but it is argued that evidence of statements to other persons, made by a juror subsequent to the verdict, of what he said in the jury-room during the deliberations of the jury, is admissible. But if his testimony as to what was said cannot be received, his declarations of what was said cannot be. *Woodward* v. *Leavitt,* 107 Mass. 453, 460. *Warren* v. *Spencer Water Co.* 143 Mass. 155.

It is argued that evidence of what the juror Herbert said in the jury-room was received without objection, and therefore is to be considered. The foreman of the jury and another juror were called as witnesses by the defendant; and were asked whether there had been any evidence introduced at the trial to show that the defendant " kept one of the worst houses at Crescent Beach, and cheated everybody all round," and their answer was, in substance, that there had been no such evidence " except the statement of the juror Herbert," by which was meant his statement in the jury-room. What that statement was does not expressly appear. The presiding justice had previously refused to permit these witnesses to testify to the statement made by Herbert in the jury-room. The exception made by these witnesses of the statement made by Herbert in the jury-room, when answering a question concerning the evidence introduced at the trial, cannot properly be regarded as evidence of what that statement was ; and if it could, such evidence is excluded on grounds of public policy, and it would have been the duty of the presiding justice to strike it out, or to refuse to consider it, even if it had been admitted without objection. These are the only exceptions which the counsel for the defendant have argued.

*Exceptions overruled.*

After the allowance of the exceptions in the above case, the District Attorney, on December 11, 1891, moved for the sentence of Meserve, claiming that the exceptions were frivolous and intended for delay. The defendant's counsel asked the court to rule that the court had no right to sentence him at this time, and that there was no authority by which the court was authorized to sentence him during the pendency of the exceptions. The court, having adjudged the exceptions frivolous and intended for delay, overruled the request, and set a day for passing sentence against the defendant; and the defendant alleged exceptions.

FIELD, C. J. It does not appear from the exceptions that the defendant has been sentenced, but only that the presiding justice "set a day for passing sentence against him," the court having adjudged the exceptions to be "frivolous or intended for delay." Pub. Sts. c. 153, §§ 11, 12. See *Commonwealth* v. *Gloucester*, 110 Mass. 491; *Commonwealth* v. *Clifford*, 145 Mass. 97. If, however, we assume that final judgment has been entered, and that the defendant has been aggrieved by the finding that the exceptions were frivolous and intended for delay, if this finding was one which the presiding justice was not authorized to make, the question then arises whether the Pub. Sts. c. 153, § 12, include exceptions taken to the rulings of a justice before whom a motion for a new trial is heard, and by whom it is decided, or are confined to exceptions taken in the course of the trial of the case itself.

The Pub. Sts. c. 153, § 12, were amended by the St. of 1891, c. 362, before the ruling in this case was made, and the effect of the amendment is to include appeals in criminal proceedings, as well as exceptions. The amendment provides that, "when in any criminal proceeding an appeal from the Superior Court to the Supreme Judicial Court appears to the justice before whom the trial is had to be immaterial, frivolous, or intended for delay, sentence may be passed, notwithstanding the pendency of the appeal." In general, it may be said that in a criminal proceeding an appeal lies from the Superior Court to the Supreme Judicial Court only from a "judgment founded upon matter of law apparent on the record." Pub. Sts. c. 152, § 10. A party aggrieved by the rulings of the court in matters of law in the course of a jury trial must allege exceptions to the rulings.

Pub. Sts. c. 153, § 8. When an appeal is taken, the phrase, " the justice before whom the trial is had," etc., must mean the justice whose opinion, ruling, direction, or judgment is appealed from, and the trial would not be a jury trial, in which an appeal does not lie, but a trial by the court of some matter which results in raising a question of law on the record. This amendment tends to show the opinion of the Legislature upon the meaning of the word " trial " when exceptions are taken, as the phraseology used with reference to exceptions was adopted for appeals. The word " trial " must be held to mean any trial before the justice in which exceptions may be alleged.

Independently of this amendment, such would be the construction of the Pub. Sts. c. 153, § 12, taken in connection with §§ 8–11. " On motions for a new trial, and in all cases, civil or criminal, whether according to the course of the common law or otherwise, a party aggrieved by an opinion, ruling, direction, or judgment of the court in matters of law may allege exceptions." § 8. The exceptions, being allowed and filed, become a part of the record, and the original purpose of allowing exceptions was to put upon record rulings of the court which otherwise would not appear of record. As exceptions may be alleged to rulings of the court on motions for a new trial, as well as to rulings made in the course of the trial of the case itself, if the justice before whom a motion for a new trial is heard, and by whom it is decided, adjudges that the exceptions taken at the hearing of the motion are immaterial, frivolous, or intended for delay, the same reason exists why final judgment should not be delayed by the pendency of these exceptions, if the case is otherwise ripe for judgment, as when exceptions are alleged in the course of a jury trial. The language of § 12 is general, viz.: " If the exceptions," etc.; which means, if any exceptions alleged in any of the proceedings in which, in pursuance of the previous sections, exceptions may be alleged, appear to the justice before whom the trial is had to be immaterial, etc., judgment may be entered notwithstanding the exceptions. The purpose was to prevent unnecessary delays in entering final judgment when the only obstacle was the pendency of exceptions which the justice who made the rulings excepted to had adjudged to be immaterial, frivolous, or intended for delay. See St. 1803, c. 94, § 5; St. 1804,

c. 105, § 5; St. 1832, c. 130, § 5; Rev. Sts. c. 81, §§ 28, 29, c. 82, § 12; St. 1859, c. 196, §§ 27, 36; Gen. Sts. c. 115, §§ 7–10; St. 1863, c. 180; St. 1880, c. 118. It is to be noticed that the St. of 1804, c. 105, which repealed the St. of 1803, c. 94, provided in § 5, that, if the "exceptions made in or after the trial of any cause are frivolous, immaterial, or intended for delay, judgment may be entered," etc., and that exceptions might be alleged in any action or process of a civil or criminal nature by "any party, thinking himself aggrieved by any opinion, direction, or judgment of the said justice," etc. The exceptions in the present case must be overruled.    *So ordered.*