PATRICK A. McDONNELL, petitioner.
CHRISTIAN FEIGENSPAN *vs.* P. McDONNELL.

Suffolk.    December 5, 1907. — February 24, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Rules of Court. Practice, Civil,* Motion for new trial. *Words,* "Trial."

The provision of Common Law Rule 45 that "Requests for instructions or for rulings in trials with or without jury shall be made in writing before the closing arguments unless special leave is given to present further requests later," is not applicable to requests for rulings made at a hearing upon a motion for a new trial.

At the hearing upon a motion of the plaintiff in an action at law for a new trial after a verdict for the defendant, the grounds stated in the motion being, first, that the verdict was against the evidence and the weight of evidence and, second, that it was against the law and the rulings of the presiding judge, the defendant asked the presiding judge to rule "that the Superior Court has no power to grant a new trial upon other grounds, after the expiration of the time for filing the same, than those specifically stated in the motion for a new trial." No question as to the pleadings had been raised at the trial. The judge refused

to grant the request and ordered a new trial, but the ground upon which he ordered it did not appear, although it appeared from the record that during the hearing he questioned counsel as to the propriety of the verdict on the pleadings as they stood. *Held*, that the presiding judge erred in not giving the ruling requested by the defendant.

PETITION to establish exceptions alleged to have been saved by the petitioner, who was the defendant in the case of *Christian Feigenspan* v. *P. McDonnell*, tried in the Superior Court·for the county of Suffolk. There had been a verdict for the defendant therein, and the plaintiff had filed a motion for a new trial. The exceptions herein considered were to refusals of the judge to grant requests for rulings made by the defendant at the hearing on the motion for new trial.

There was a hearing on the question of the allowance of the exceptions before *Stevens, J.*, before whom the case had been tried, and he ruled: "The within exceptions, being immaterial, frivolous and intended for delay and only partially conformable to the truth, are disallowed." On the filing of the petition in this court, a commissioner was appointed to hear the parties and their evidence, settle the truth of the exceptions and report to the court. Material parts of his report are as follows:

"Upon the hearing on the motion [of the plaintiff for a new trial], the plaintiff was not called upon to argue. After counsel for defendant had argued about an hour, he submitted to the presiding judge in writing nine requests for rulings. . . . Thereafter the hearing was adjourned, and at a subsequent time the defendant's counsel finished his argument and the presiding judge began to render his decision on the motion for a new trial. Whereupon the counsel for defendant handed to him the requests for rulings set forth in his bill of exceptions immediately following the requests heretofore referred to. The presiding judge made no comment or ruling upon either set of requests, and sustained the plaintiff's motion for a new trial without setting forth of record the reasons therefor or the grounds upon which same was granted.

"I find that none of the requests for rulings were given to the presiding judge prior to the beginning of the argument of the motion for a new trial, and, if the latter part of Common Law Rule 45 of the Superior Court, providing that 'requests for in-

structions or for rulings in trials with or without jury shall be made in writing before the closing arguments unless special leave is given to present further requests later,' applies, no special leave was given by the presiding judge to present the requests after the beginning of the argument. It does not appear that any ruling was made upon the requests or that such ruling was necessary for a proper determination of the question at issue, or that the rights of the petitioner were damaged by failure to give such rulings. It does not appear that the motion was not granted on the ground that the verdict was against the weight of the evidence.

"I find that the judge of the Superior Court properly disallowed the alleged exceptions of the petitioner."

On the coming in of the report of the commissioner, the plaintiff, Christian Feigenspan, moved that the petition be dismissed, and the motion was denied.

Other facts are stated in the opinion.

*H. N. Allin*, for the petitioner.

*J. H. Blanchard*, for the respondent.

KNOWLTON, C. J. In this case there was a motion by the plaintiff for a new trial, for the reason, first, that the verdict was against the evidence and the weight of the evidence, and secondly, that it was against the law and the rulings of the presiding judge. At the hearing on this motion the defendant asked the judge to rule, among other things, "that the Superior Court has no power to grant a new trial upon other grounds, after the expiration of the time for filing the same, than those specifically stated in the motion for a new trial." In other requests he presented the same proposition in different forms. The commissioner's report shows that the judge did not give this ruling, and so far as appears, he did not apply the proposition of law in any way. The request was not made before the closing arguments upon the motion, and the judge may have treated it as not deserving of consideration for that reason.

We are of opinion that Rule 45 of the Superior Court, which provides that "requests for instructions or for rulings in trials with or without jury shall be made in writing before the closing arguments unless special leave is given to present further requests later," is not applicable to a hearing of this kind. It

pertains only to "trials with or without jury," and we think that the word "trial," as here used, means something more than a hearing upon a motion. The rule refers to the closing arguments as a part of the trial, thus implying a proceeding in which there are different recognized stages, like the opening statement on each side, the presentation of evidence and the closing arguments. In the statute referred to in *Commonwealth* v. *Meserve*, 156 Mass. 61, the word is used in a broader sense. Without attempting to define the term in reference to all possible hearings or trials, we are of opinion that a hearing upon a motion for a new trial is not a trial within the meaning of the rule.

The Revision of 1906 of the Rules of the Superior Court, in which Rule 45 appears, did not take effect until July 1 of that year, which was after the hearing in the present case. But on January 9, 1904, Rule 48 of the edition of 1900 was amended by the insertion of the words " or rulings in trials with or without jury," whereby it took the form in which it now appears, numbered differently, in the Revision of 1906.

The ruling requested was a correct statement of the law which was applicable to the hearing. R. L. c. 173, § 112. *Peirson* v. *Boston Elevated Railway*, 191 Mass. 223. The defendant was entitled to have it considered and applied in determining the question before the court.

As the judge failed to grant the request, his decision granting a new trial may have been made under an erroneous rule of law, upon a ground other than those stated in the motion. There is a special reason to fear this, as the bill of exceptions states that, during the argument upon the motion, the judge suggested a question of pleading which, if it had been raised at the trial, might have prevented the defendant from introducing the evidence on which the verdict was founded.

The commissioner's report is brief and informal, but it sufficiently shows that this request for a ruling was made at the hearing upon the motion, that the judge failed to give the ruling, that the case was such as to make the ruling applicable, and that the defendant excepted to the judge's neglect to give the ruling. There were many other requests for rulings, none of which were given. Most of these were erroneous or inappli-

cable, and we do not deem it necessary to consider them particularly.

> *Order granting motion for new trial set aside ; new hearing granted.*