HERBERT D. BOYD *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   March 9, 1916. — May 19, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Practice, Civil,* New trial.

In an action against a corporation operating a street railway for personal injuries sustained from being run into by a street railway car of the defendant in front of which the plaintiff was attempting to drive across the defendant's tracks in his automobile, the jury found in answer to special questions submitted to them by the judge that the plaintiff was in the exercise of due care and that the defendant was not negligent and the judge ordered a verdict for the defendant; whereupon the plaintiff moved for a new trial on the ground that the verdict was against the law as stated to the jury by the judge, that it was against the evidence and the weight of evidence, that the special findings of the jury were inconsistent and that on the evidence one or the other of the findings must be wrong.   The presiding judge denied the motion.   *Held,* that the denial of the motion was within the discretionary power of the judge.

In the same case upon the hearing of the motion for a new trial the judge refused to rule at the request of the plaintiff that as matter of law on all the evidence the findings of the jury that the plaintiff was in the exercise of due care and that the defendant was not negligent were unwarranted, and that as matter of law on all the evidence and upon the findings of the jury there was a mistrial.   The evidence of the plaintiff on both the issues was contradicted by that of the defendant.   *Held,* that on the conflicting evidence the answers of the jury were neither inconsistent nor unwarranted, and that, as both parties had been found to have used ordinary care, the plaintiff's misfortune was not attributable to the fault of the defendant.

TORT for personal injuries sustained on May 1, 1914, at the corner of Centre Street and Cedar Street in the part of Boston called Roxbury by reason of a collision between a semi-convertible street railway car of the defendant and an automobile driven by the plaintiff.   Writ dated May 9, 1914.

In the Superior Court the case was tried before *Raymond,* J. There was evidence, for the plaintiff, that the plaintiff was driving westerly down Cedar Street toward Centre Street in a Ford five-seated automobile; that in front of him was a baker's cart, which somewhat obstructed his way; that after the baker's cart turned up Fort Street, at his left, the plaintiff proceeded on the right hand side of Cedar Street to go directly across Centre Street and then to turn to his left down Centre Street toward Jamaica Plain; that

on Centre Street were parallel tracks of the defendant, cars running from his left toward his right as the plaintiff faced Centre Street on the track nearer to him, and from his right toward his left on the farther track; that as he approached Centre Street his view of the defendant's tracks on his left was obstructed by the baker's cart and by a high stone wall with a paling fence on top of it; that when he was six or eight feet from the nearer car track he was going very slowly in his automobile, due to his progress having been obstructed by the baker's cart; that he had been listening and looking for any approaching street car and neither had seen nor had heard any; that at that point he saw, about thirty-five or fifty feet distant from him, a street railway car approaching on his left; that he could not stop nor reverse nor go into high speed and deemed it best to go directly ahead across the street; that when he looked at the motorman he noticed that the motorman was turning his head and was looking at the baker's cart; that before the plaintiff could get across in front of the car his automobile was struck and overturned; and that the speed of the street railway car was about twenty miles an hour.

The foregoing evidence tending to show due care on the part of the plaintiff and negligence on the part of the defendant's motorman was contradicted on both of these issues by evidence introduced by the defendant.

At the close of his charge to the jury the judge, at the request of the plaintiff, instructed the jury as follows:

"While the plaintiff was not excused from using his own senses of sight and hearing, he had a right to assume that the motorman of the approaching street railway car would give the warning signal when approaching crossings and would so slacken the car's speed as to protect travellers whose presence at the crossing in the operation of the street railway might be expected.

"I thought I covered that in my charge but, if I did not, I assent to that as the law. On the question of his [the motorman's] negligence you should bear in mind whether or not he did the things the rules called for as to sounding gongs and the rate of speed and watching out, etc. All of that is for you.

"If the jury shall find that the motorman was disobeying a rule of the defendant with regard either to the speed at which he approached the crossing, the ringing of a gong or the giving

of other signals, or the keeping of a lookout for other persons on the highway, they may find that the motorman was negligent and that his negligence caused the plaintiff's injury.

"That is, that is evidence from which you may find that, if on all the evidence you do say that he was not using reasonable care."

The judge submitted to the jury two special questions as follows:

"Was the plaintiff in the exercise of due care?"

"Was the defendant negligent?"

The jury answered the first question in the affirmative and the second question in the negative. The answers were returned in the midst of a session of the court, and thereupon the presiding judge in the absence of the counsel and without sending for them or requesting their attendance, ordered a verdict for the defendant.

The plaintiff filed a motion that the verdict of the jury be set aside and a new trial granted on the following grounds:

"1. Because the verdict was against the law as stated to the jury by the court.

"2. Because the verdict was against the evidence and the weight of the evidence.

"3. Because the special findings of the jury were inconsistent with each other and with the evidence.

"4. Because both of the special findings of the jury could not be based upon the same findings of basic facts by the jury; one or the other of the findings was wrong."

The motion was heard by the presiding judge and, before the argument upon it, the plaintiff presented to the judge the following requests for rulings:

"1. As a matter of law on all the evidence, the findings of the jury both that the plaintiff was in the exercise of due care and that the defendant was not negligent were unwarranted.

"2. As a matter of law on all the evidence and upon the findings of the jury in answer to the special questions, there was a mistrial."

The judge refused to make the rulings requested by the plaintiff and denied the motion. The plaintiff alleged exceptions.

*E. V. Grabill,* for the plaintiff.

*E. P. Saltonstall, (R. S. Pattee* with him,) for the defendant.

BRALEY, J. It was discretionary with the presiding judge whether he should grant the plaintiff's motion for a new trial on any of the grounds specified, and the exercise of his discretion would not be reviewable on exceptions. *Welsh* v. *Milton Water Co.* 200 Mass. 409, 411, and cases cited.

But, the plaintiff having seasonably requested the judge to rule that "as a matter of law on all the evidence, the findings of the jury both that the plaintiff was in the exercise of due care and that the defendant was not negligent were unwarranted," and that "as a matter of law on all the evidence and upon the findings of the jury in answer to the special questions, there was a mistrial," and the requests having been refused, the correctness of the rulings is open on the exceptions. *McDonnell, petitioner,* 197 Mass. 252.

Of course questions of law that were or might have been raised at the trial cannot be raised again on a motion for a new trial. *Loveland* v. *Rand,* 200 Mass. 142. We understand the plaintiff's contention to be that the answers of the jury are necessarily inconsistent and therefore unwarranted.

The evidence need not be recapitulated. The plaintiff's automobile driven by himself came into collision with a street railway car of the defendant while each was using a public way, causing personal injuries for which he seeks damages. In order to recover he had the burden of satisfying the jury on conflicting evidence that, he being in the exercise of due care, the collision occurred solely through the negligence of the defendant. While these fundamental issues were presented in the form of questions submitted under instructions to which no exceptions were taken, nevertheless they were matters of fact wholly within the province of the jury. *Hennessey* v. *Taylor,* 189 Mass. 583, and cases cited. And the answers of the jury, which in substance decided that neither the plaintiff nor the defendant was careless, are neither inconsistent nor unwarranted. *Perkins* v. *Bay State Street Railway,* 223 Mass. 235. If each party used ordinary care the plaintiff's misfortune is not attributable to the fault of the defendant, and he must bear the burden which the law places upon him. *Brown* v. *Kendall,* 6 Cush. 292, 296. *Tracy* v. *Boston Elevated Railway,* 217 Mass. 569. *Henry* v. *Grand Avenue Railway,* 113 Mo. 525, 537.

*Exceptions overruled.*