### COMMONWEALTH *vs.* ANNIE WITA.

Middlesex. November 5, 1934. — December 3, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Practice, Criminal,* New trial.

Where a dying declaration, essential to the case of the Commonwealth at the trial of an indictment, was made both in English and in Lithuanian and was put in evidence through witnesses who understood it in English and through a woman witness who testified that she understood it in Lithuanian, the granting of a motion by the defendant for a new trial was not required by alleged newly discovered evidence to the effect that the woman's knowledge of Lithuanian was very limited.

A motion for a new trial of an indictment on the ground that the verdict was against "the law as instructed by the presiding justice" and against "the evidence and the weight of the evidence," was addressed to the discretion of the trial judge, and he was not bound to make express findings of fact in disposing of the motion.

INDICTMENT, found and returned on September 13, 1933, charging the defendant with murder.

The indictment was tried in the Superior Court before *Collins,* J. There was a verdict of guilty of murder in the second degree. Motions by the defendant for a new trial were denied. The defendant filed appeals with assignments of error.

The case was submitted on briefs.

*J. F. Daly & E. L. Daly,* for the defendant.

*W. L. Bishop,* District Attorney, *& P. R. Foisy,* Assistant District Attorney, for the Commonwealth.

LUMMUS, J. The defendant was convicted, in the second degree, of the murder of her husband. The case comes

here by appeal, with a summary of the record, a transcript of the evidence, and an assignment of errors, under G. L. (Ter. Ed.) c. 278, §§ 33A–33G.

No witness saw the commission of the crime. A dying declaration made by the husband in the presence of the defendant, several police officers, and other persons, was essential to the case for the Commonwealth. The husband said that, while lying on a bed, he saw the defendant pour gasoline over him and ignite it with a match. He said this in plain though broken English, which several witnesses understood, and also in substance in Lithuanian, which a young woman named Nellie Nichunski understood, according to her testimony.

The errors assigned relate only to the denial of motions for a new trial. As newly discovered evidence, the defendant presented the testimony of an expert in the Lithuanian language, that his examination of Nellie Nichunski showed that her knowledge of that language was very limited. This testimony, if believed, did not require a new trial. There was ample evidence of substantially the same dying declaration in English.

The motion for a new trial on the ground that the verdict was against "the law as instructed by the presiding justice" and against "the evidence and the weight of the evidence," was addressed to the discretion of the judge, who was not bound to make express findings of fact. *Commonwealth* v. *Polian, ante,* 494, and cases cited. The evidence fully supported the verdict, and the defendant points out no failure of the jury to follow the charge.

*Judgment affirmed.*