## COMMONWEALTH *vs.* MURTON MILLEN & another.

Norfolk.   April 5, 8, 1935. — April 18, 1935.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Practice, Criminal,* New trial, Appeal with assignments of error, Sentence.

A judge hearing a motion for a new trial of an indictment for murder cannot be required to consider questions of law which were raised at the trial.

It *was stated* that, if a judge hearing a motion for a new trial of an indictment for murder had power to and did reconsider questions of law raised at the trial and decided by this court upon an appeal with assignments of error following a verdict of guilty, this court would not be required to reconsider such questions of law upon an appeal, with assignments of error, from the denial of the motion.

No error appeared in the denial of a motion for a new trial of an indictment for murder grounded upon alleged undignified conduct on the part of deputy sheriffs in charge of the jury on an occasion during the trial when the jury were sent on a recreational journey and dined at a hotel.

The granting of a motion for a new trial of an indictment for murder was not required by the fact that a throng of people outside the court house where the trial was held were enabled to hear what was said in the court room and, after the foreman of the jury had reported a verdict of guilty, raised shouts of approval which the jury heard before they were polled; the trial judge, hearing the motion, could find from his own observation and knowledge that the shouts did not affect the answers made when the jury were polled.

A defendant who has filed a motion for a new trial of an indictment for murder has no right to insist that oral evidence be heard in support of his motion; he may be required to present the motion upon affidavits alone.

A judge hearing a motion for a new trial of an indictment for murder is not required to believe the allegations in an affidavit offered in support of the motion, even if the affidavit is uncontradicted.

The provisions of G. L. (Ter. Ed.) c. 231, § 116, made applicable to criminal cases by G. L. (Ter. Ed.) c. 278, § 31, are applicable to capital cases; and therefore a judge, who has presided at the trial of an indictment for murder and thereafter has heard and denied a motion for a new trial thereof, at which hearing the defendant has saved exceptions upon which he may ground an appeal with assignments of error by filing a claim of appeal within twenty days, has

power to impose sentence forthwith after denial of the motion if he finds that "the exceptions . . . .are immaterial, frivolous or intended for delay" within the meaning of said § 116; and a finding to that effect is to be inferred from such an imposition of sentence.

INDICTMENT for murder, found and returned on February 28, 1934.

The case previously was before this court upon appeals with assignments of error following verdicts of guilty, and, in a decision reported in 289 Mass. 441, judgments on the verdicts were ordered.   Thereafter the defendants Millen filed motions for a new trial, which were denied by *Brown*, J. The judge thereupon imposed sentence on each defendant. The defendants Millen filed appeals with assignments of error.

*G. S. Harvey*, for the defendants.

*E. R. Dewing*, District Attorney, (*O. V. Fortier*, Assistant District Attorney, with him,) for the Commonwealth.

LUMMUS, J.   The defendants Murton Millen and Irving Millen were found guilty of murder in the first degree, and on appeal this court, on February 14, 1935, ordered judgments on the verdicts.  *Commonwealth* v. *Millen*, 289 Mass. 441.   On February 26, 1935, these defendants filed motions for a new trial, raising the questions now to be considered.   These motions were heard and denied on that same day, subject to the exceptions of these defendants. Thereafter on the same day sentence of death was pronounced upon these defendants, subject to their exceptions, the sentence to be executed during the week of April 28, 1935, in accordance with G. L. (Ter. Ed.) c. 279, § 43. The cases come here again by appeal, with a summary of the record, a transcript of the evidence, and an assignment of errors, under G. L. (Ter. Ed.) c. 278, §§ 33A–33G.

1. The defendants contend that the judge erred in denying a new trial asked upon the following grounds: (1) that the defendants were not shown to be sane at the time of the deed, — a point dealt with in part 21 of the earlier opinion; (2) that the spectators applauded a statement by a witness named Myerson, — a point dealt with in part 3 of the earlier opinion; (3) that a witness named Shattuck

was arrested during the trial, — a point dealt with in part 3 of the earlier opinion; (4) that the trial was had notwithstanding their petitions for removal to a Federal court and the pendency of their petitions in a Federal court for a writ of habeas corpus cum causa, — a point dealt with in part 5 of the earlier opinion.

These matters are no longer open. "A tribunal cannot ordinarily be required to reconsider upon the same evidence its decision of fact or law." *Nerbonne* v. *New England Steamship Co.* 288 Mass. 508, 510. The trial judge had ruled upon all these points at the trial. He was not bound to consider, upon motions for a new trial, questions which had been raised, or could have been raised, at the trial. *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 24, 25. *Commonwealth* v. *Vallarelli*, 273 Mass. 240, 248. *Commonwealth* v. *Polian*, 288 Mass. 494, 501. *Nerbonne* v. *New England Steamship Co.* 288 Mass. 508, 510. The simple denial of the motions · shows no intention on the part of the judge to exercise discretion in favor of opening for consideration anew questions already decided (*Commonwealth* v. *McKnight*, 289 Mass. 530, 543, 544), even if he had any right to reopen questions of law determined by our earlier opinion on appeal. *Taylor* v. *Pierce Brothers, Ltd.* 220 Mass. 254. *Handy* v. *Miner*, 265 Mass. 226. *In re Sanford Fork & Tool Co., petitioner*, 160 U. S. 247. Moreover, if such questions could have been reopened by the judge on the motion for a new trial, and if he had decided them anew, we should not be required to reconsider them, after dealing with them in our earlier opinion, with which we remain satisfied.

2. The defendants contend that undignified conduct on the part of deputy sheriffs in charge of the jury on May 14, 1934, during the trial, when the jury were sent on a recreational journey and dined at a hotel, entitled the defendants to a new trial. The same point was presented by the defendant Faber, who was tried with these defendants, upon a motion for new trial filed as early as July 17, 1934. The denial of a new trial to the defendant Faber was sustained in

dealing with Faber's assignment of error numbered 33 in the earlier opinion. There was nothing to indicate that the conduct in question prejudiced, or could have prejudiced, the defendants. The judge was right in refusing a new trial upon this ground. We have not considered whether it was not the duty of the defendants to take the point during the trial.

3. Affidavits and the declarations of counsel in support of the motions for new trial asserted that a microphone was installed in the court room, near the jury box and the witness stand, with wires leading to a room in the basement, occupied by newspaper reporters, in which there was an amplifier or loud speaker. This, it was declared, enabled words spoken in the court room to be readily heard in the basement, and also outside the building if the windows should be open. It was asserted that when the verdict was taken the windows were open, the court house was surrounded by a throng of people who heard the foreman when he reported the verdict, and who raised shouts of approval, which the jury heard, before the jury were polled.

The existence of a microphone with wires leading to an amplifier or loud speaker in the basement for the use of newspaper reporters has not been denied in argument. Whether such a device ought to have been permitted at all is not before us. Counsel for the defendants admits that he knew of it in ample season to inform the judge or to make objection, and that he did neither. It was obvious to him that that device might enable news of the verdict to be conveyed almost instantly from the reporters' room to persons outside the court house. The defendants cannot complain that the judge did not of his own motion guard against that possibility, when their own counsel, who knew of the device, did nothing. At the time of the shouts of approval, the jury had already arrived at their verdict and were reporting it. Although the incident was unfortunate, and care should be taken in future cases to guard against a repetition of it, the judge might well find from his own observation and knowledge that the shouts did

not affect the answers made when the jury were polled. See *Commonwealth* v. *Sacco*, 259 Mass. 128, 140. He was not required to grant a new trial on this ground.

4. As to the assertions in the affidavits tending to ·show that the people surrounding the court house during the deliberations of the jury and the return of the verdict were in an inflamed mental state, and that their presence and ·conduct intimidated the jury (*Moore* v. *Dempsey*, 261 U. S. 86), the judge not only refused to accept those assertions as true but declared that some unspecified statements in the affidavits were "fanciful." Oral evidence in support of the affidavits was offered. A party has no right to insist that oral evidence be heard upon a motion. He may be required to present the evidence upon affidavits alone. *Manning* v. *Boston Elevated Railway*, 187 Mass. 496, 498. *Scott* v. *Bevilacqua*, 226 Mass. 554, 559. *Universal Adjustment Corp.* v. *Midland Bank, Ltd., of London*, 281 Mass. 303, 307. *Goodwin* v. *Blanchard*, 73 N. H. 550. Rule 46 of the Superior Court (1932). A judge is no more bound to accept as true an uncontradicted affidavit than to believe an uncontradicted witness. *Commonwealth* v. *Crapo*, 212 Mass. 209. *Commonwealth* v. *Sacco*, 255 Mass. 369, 449; 259 Mass. 128. *Commonwealth* v. *Devereaux*, 257 Mass. 391, 395. *Thomajanian* v. *Odabshian*, 272 Mass. 19, 22. *Commonwealth* v. *Chin Kee*, 283 Mass. 248, 257. *Commonwealth* v. *Gwizdoski*, 284 Mass. 578, 581. See *Lindenbaum* v. *New York, New Haven & Hartford Railroad*, 197 .Mass. 314, 323. The defendants are not entitled to have the case determined on the footing that the statements in the affidavits are true. They failed to request rulings which might have presented questions of law based upon facts that might have been found upon the affidavits. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 17, *et seq.* *Munde* v. *Lambie*, 125 Mass. 367. There was no error in denying the motions, so far as based upon alleged intimidation of the jury.

5. There remains the contention that the exceptions taken to the denial of the motions for a new trial under G. L. (Ter. Ed.) c. 278, § 31, operated to stay and prevent

the imposition of sentence, since the defendants had twenty days in which to keep alive the exceptions by filing a claim of appeal. G. L. (Ter. Ed.) c. 278, § 33B.* *Commonwealth v. McKnight,* 289 Mass. 530, 540.

The history of exceptions is discussed in *Endicott, petitioner,* 24 Pick. 339, and *Tyndale* v. *Stanwood,* 186 Mass. 59. See also *Nalle* v. *Oyster,* 230 U. S. 165. Under our system, by which civil and criminal cases at law have commonly come to this court upon a bill of exceptions, the original theory was that all exceptions taken had to be disposed of before final judgment could be entered. *Tyndale* v. *Stanwood,* 186 Mass. 59. *McCusker* v. *Geiger,* 195 Mass. 46, 51, 52. *Sasserno* v. *Sasserno,* 240 Mass. 583, 585. *Bartlett* v. *Roosevelt, Inc.* 258 Mass. 494, 497. The final judgment in criminal cases is called the sentence. *Commonwealth* v. *O'Brien,* 175 Mass. 37, 38, 39. *Renado* v. *Lummus,* 205 Mass. 155, 156. *Snyder, petitioner,* 284 Mass. 367, 370. In equity cases (St. 1926, c. 177; G. L. [Ter. Ed.] c. 214, § 25A; *Larson* v. *Sylvester,* 282 Mass. 352), and in non-capital criminal cases (St. 1895, c. 469; G. L. [Ter. Ed.] c. 279, § 4; *Commonwealth* v. *Fleckner,* 167 Mass. 13; *Commonwealth* v. *Brown,* 167 Mass. 144, 146; *Commonwealth* v. *Kossowan,* 265 Mass. 436, 438, and cases cited), the original theory has been reversed, and final decree, judgment or sentence is now commonly entered or rendered notwithstanding the pendency of exceptions. Capital cases, however, followed the original theory until St. 1935, c. 50, § 3, which will apply only to persons convicted of capital crimes committed on or after October 1, 1935.

Unless the existing law provides some means of tempering that original theory in its application to capital cases, a resourceful defendant, found guilty by a jury of a murder committed before October 1, 1935, can never be forced to

---

* For the purposes of this opinion, it is assumed that since the procedure established by G. L. (Ter. Ed.) c. 278, §§ 33A–33G, expressly applies to questions of law arising upon a motion for a new trial (§ 33B), the requirement in § 33B of written claim of appeal "within twenty days after verdict" must be construed to mean within twenty days after the disposition of the motion, when applied to questions arising upon such a motion. In a number of cases questions arising on a motion for a new trial have been brought up under this procedure, e.g. *Commonwealth* v. *Wita,* 288 Mass. 502.

the point of sentence. Whenever brought into court for sentence, he has only to make some motion and except to the action of the judge. See *Boston Bar Association* v. *Casey,* 227 Mass. 46, 48; *Thorndike, petitioner,* 257 Mass. 409, 411; *Pepper* v. *Old Colony Trust Co.* 268 Mass. 467, 471.

From the earliest statutes providing for the review of questions of law upon exceptions, provision has been made for the entry of final judgment when a party seeks to delay it by frivolous exceptions. St. 1803, c. 94, § 5. St. 1804, c. 105, § 5. Rev. Sts. (1836) c. 81, §§ 29, 32, 33; c. 82, § 13. Gen. Sts. (1860) c. 115, §§ 9, 10; c. 112, § 14. Pub. Sts. (1882) c. 153, §§ 11, 12; c. 150, § 15. St. 1891, c. 362. *Bullock, petitioner,* 254 Mass. 14. *Richmond Co-operative Association, Inc.* v. *Gill,* 285 Mass. 50, 53. These provisions prevented the delay of sentence in criminal cases by frivolous exceptions as well as the similar delay of judgment in civil cases. *Commonwealth* v. *Clifford,* 145 Mass. 97. *Commonwealth* v. *Meserve,* 156 Mass. 61. When, by St. 1895, c. 469 (G. L. [Ter. Ed.] c. 279, § 4), the imposition of sentence notwithstanding exceptions in noncapital criminal cases became the regular practice, the statutes with respect to sentence notwithstanding frivolous exceptions became of no importance in criminal cases unless they had application to capital cases.

Those statutes in their origin had no application to capital cases, for until St. 1872, c. 232, such cases were tried in this court before the full court, (compare St. 1859, c. 196, § 21, in effect only for a few months), and exceptions were deemed impossible (*Webster* v. *Commonwealth,* 5 Cush. 386; *Attorney General* v. *Pelletier,* 240 Mass. 264, 306) until expressly permitted by St. 1859, c. 282. *Commonwealth* v. *Dower,* 4 Allen, 297. By Gen. Sts. (1860) c. 112, § 9, it was provided that "if the exceptions are in the opinion of the court frivolous and intended for delay, the court may overrule them, and forthwith render final judgment and pass sentence." By St. 1872, c. 232, "Two or more justices of the supreme judicial court present at a jury term" were given all the powers of the full court in capital cases; but in Pub.

Sts. (1882) c. 150, § 20, the provision for judgment and sentence in capital cases notwithstanding frivolous exceptions intended for delay was restricted in its terms to cases where "the trial is had before the full court." It may well be argued that the general provision in Pub. Sts. (1882) c. 153, § 12, for judgment and sentence notwithstanding frivolous exceptions in criminal cases was thus restricted to noncapital cases.

By St. 1891, c. 379, the Superior Court, acting by three justices, was given exclusive jurisdiction of the trial of capital crimes, and by St. 1894, c. 204, the number of justices required became "two or more." R. L. (1902) c. 157, § 8. By St. 1910, c. 555, one justice of the Superior Court was empowered to preside alone. *Commonwealth* v. *Sacco*, 259 Mass. 128, 142. After the Superior Court was given exclusive jurisdiction in 1891, the restriction of the provision for sentence in capital cases notwithstanding exceptions to cases tried before the full court (Pub. Sts. [1882] c. 150, § 20), no longer had force or effect, and was omitted from the Revised Laws. Even though the general provision for sentence notwithstanding frivolous exceptions in criminal cases (Pub. Sts. [1882] c. 153, § 12) did not immediately become applicable to capital cases with the passing of that restriction, there was in 1902 nothing in the statutes to prevent the different words of R. L. (1902) c. 219, § 35, making applicable to criminal cases the provisions of R. L. (1902) c. 173, § 109, from having force in capital cases as well as others. As has been shown, they could have no effect after St. 1895, c. 469 (R. L. [1902] c. 220, § 3), unless in capital cases. Practical difficulty in their application to capital cases was obviated by the power of the court, under the statute thus made applicable to criminal cases, to stay the execution. The present provision for sentence notwithstanding frivolous exceptions is G. L. (Ter. Ed.) c. 278, § 31, which makes applicable to criminal cases the provisions of G. L. (Ter. Ed.) c. 231, § 116. Under St. 1929, c. 133, § 1 (G. L. [Ter. Ed.] c. 279, § 49A), this court or a justice thereof may stay the execution of a sentence of death pending the determination of

any judicial question. See also G. L. (Ter. Ed.) c. 279, § 45. We are of opinion that G. L. (Ter. Ed.) c. 278, § 31, makes c. 231, § 116, applicable to a capital case, and to exceptions taken at the hearing of a motion for a new trial therein. *Commonwealth* v. *Meserve*, 156 Mass. 61.

Before proceeding to impose sentence upon these defendants, notwithstanding their exceptions, the judge had only to find that "the exceptions . . . are immaterial, frivolous or intended for delay." Such a finding was proper, and is to be inferred from the imposition of sentence. *Commonwealth* v. *Gedzium*, 259 Mass. 453, 461. *Manzi* v. *Carlson*, 278 Mass. 267, 273. *Wood* v. *Oxford*, *ante*, 388, 390. The sentence was rightly imposed.

*Judgments affirmed.*