RAILWAY EXPRESS AGENCY, INCORPORATED, *vs.* HARRY R. MICHELSON.

Plymouth. November 6, 1940. — June 23, 1942.

Present: FIELD, C.J., DONAHUE, QUA, & DOLAN, JJ.

*Carrier*, Of goods. *Interstate Commerce. Practice, Civil*, Requests, rulings and instructions; New trial; Appellate Division: report, decision.

A shipper of a mixed carload of horses and cattle by express in interstate commerce, who paid an incorrect bill for the shipment at the rate for cattle, duly established and published by the express company and filed with the interstate commerce commission, was liable to the company for the difference between the amount so paid and a larger amount computed at the correct rate for such a mixed carload.

It was error for a judge of a District Court hearing a motion for a new trial of an action to refuse to consider requests for rulings to the effect

that on such a motion he had the power to correct an erroneous interpretation of a document in evidence at the original trial.

Upon a report by a District Court judge of his denial of a motion for a new trial and of requests relating only to the motion, it was not open to the Appellate Division to decide, though correctly, that there had been error in a decisive ruling made at the trial and to order a finding for the defendant vacated and judgment entered for the plaintiff; this court, having decided that the requests should have been given, remanded the action to the District Court for further hearing on the motion.

CONTRACT. Writ in the Second District Court of Plymouth dated June 2, 1939.

The action was heard by *Shea,* J., who found for the defendant. The plaintiff filed a motion for a new trial. The judge "refused to consider" any of the requests for rulings made by the plaintiff at the hearing on the motion and denied the motion. A report to the Appellate Division for the Southern District stated: "The plaintiff claiming to be aggrieved by the court's denial of the motion for new trial, and the court's refusal to rule as requested, or to consider the requests for rulings, I hereby report the same to the Appellate Division for determination." The Appellate Division decided that there had been error in a certain decisive ruling made by the judge at the trial, and ordered that the finding for the defendant be vacated and that judgment be entered for the plaintiff on the declaration. The defendant appealed.

*D. L. O'Donnell,* for the defendant.

*A. M. Pinkham,* for the plaintiff.

DONAHUE, J. The plaintiff, a common carrier engaged in interstate transportation, has brought this action in a District Court to recover balances alleged to be due for the transportation of two mixed carloads of cattle and horses owned by the defendant. One carload, consisting of twenty-three cows, five horses, and one pony, was shipped from Decatur, Indiana, on May 16, 1938, and the other carload, comprising twenty-six cows and five horses, was shipped from Ashland, Ohio, on July 16, 1938. Both shipments were consigned to the defendant at East Weymouth in this Commonwealth. At the time of delivery of each shipment

the plaintiff presented to the defendant a bill for transportation charges which the defendant paid. The transportation charges thus paid by the defendant were $354.21 on the first shipment and $358.71 on the second shipment.

Some months after the delivery of the shipments the plaintiff notified the defendant that the amounts paid by him as transportation charges at the times of the delivery of the shipments were "less than the legal rate for the transportation" of the shipments, and that the correct charges on the first shipment were $118.08 more and on the second shipment $106.29 more than the amounts paid by the defendant. The plaintiff requested the defendant to pay those amounts and on his failure so to do brought this action.

There was no controversy as to the facts, and the judge in the District Court so found. The controversy is as to the interpretation to be given to the language of an "Official Express Classification" published by the plaintiff and to the language in a "Local and Joint Tariff," and in a "Supplement" to the "Local and Joint Tariff."

The transportation rates that could properly be charged against the defendant were rates that, prior to the time of the shipments in question, had been published by the express company and filed with the interstate commerce commission in accordance with the requirements of the Federal interstate commerce act. The express company and the defendant were equally bound by rates so published and filed, and such a "rate when published becomes established by law. It can be varied only by law, and not by act of the parties." *New York, New Haven & Hartford Railroad* v. *York & Whitney Co.* 215 Mass. 36, 39, 40. *New York Central & Hudson River Railroad* v. *York & Whitney Co.* 230 Mass. 206, 213. *Boston & Maine Railroad* v. *Hooker,* 233 U. S. 97. *Baldwin* v. *Scott County Milling Co.* 307 U. S. 478.

1. There was in force at the time of the shipments here in question a voluminous "Official Express Classification," published by the plaintiff and filed with the interstate commerce commission, which listed and classified all sorts of property that might be shipped by express, and stated many rules and regulations relating thereto. Among other things,

the "Classification" contained provisions relating to the shipment by express of cars loaded wholly with horses, of cars loaded wholly with cattle, and of cars loaded both with horses and with cattle. The rates charged for the shipment of a carload of horses were higher than the rates charged for the shipment of a carload of cattle. The "Classification" provided that, "On mixed carload shipments of Cattle . . . with Horses . . . the Classification applying on Horses will apply to all." The intent is manifested that, where there is a mixed carload shipment of cattle and of horses, the charge for transportation shall be the same as if the carload shipment consisted wholly of horses. The amount in fact paid by the defendant as transportation charges on the first shipment was $354.21, and on the second shipment, $358.71. These payments would have been correct if the shipments had consisted wholly of cattle. But since the carload shipments included both cattle and horses the proper charge for the first shipment was $472.29 and for the second shipment $465. There is due and unpaid on the transportation charges for the first shipment $118.08, and for the second shipment $106.29.

The judge ruled "on all the law and evidence that the shipments in question were governed by the rates specified in [the] Supplement" and "therefore" found for the defendant. The "Supplement" was an addition to the "Local and Joint Tariff." Both the "Supplement" and the "Tariff" were published by the plaintiff and filed with the interstate commerce commission. Neither the "Supplement" nor the "Tariff" contains any provision with respect to charges for the transportation of mixed carloads of cattle and horses. Section 6 of the "Tariff" states: "Rates in this section apply on cattle in carloads." It sets out the rates chargeable for the transportation of carloads of cattle from designated shipping points to named places to which such shipments may be made. The "Supplement" adds to section 6 the rates which should be charged on shipments of cattle from Decatur, Indiana, and from Ashland, Ohio, to East Weymouth, Massachusetts. The "Supplement" states the "Rate per car" chargeable for the trans-

portation of "cattle in carloads." But the shipments in question were not shipments of "cattle in carloads" within the meaning of the language of the "Tariff" and of the "Supplement." They were mixed carload shipments of "Cattle . . . with Horses." The rates for such shipments were governed by the provisions of the "Official Express Classification" as earlier herein pointed out. The judge erred in his ruling, and since there was no dispute as to the facts, he should have found for the plaintiff.

2. The plaintiff filed a motion for a new trial. One of the stated grounds of the motion was, in substance, that the judge based his finding for the defendant on the provisions of the "Supplement" and ignored the provisions of the "Classification." This was what the judge in fact did. He manifestly erred since, as earlier herein pointed out, the rates of the shipments in question were governed, not by the language of the "Supplement" but by the language of the "Classification." At the hearing on the plaintiff's motion for a new trial the plaintiff filed requests for rulings, among them the following: "1. On motion for new trial. the court has power to correct any mistakes in his finding either in miscalculation of figures or in misinterpretation of written instruments which are in evidence," and "10. The court may correct its misinterpretation of the express classification, tariffs and schedules and change his finding in the case accordingly."

These requests were statements of law which became applicable only at the time of the hearing of the motion for a new trial. *McDonnell, petitioner,* 197 Mass. 252, 253. *Boyd* v. *Boston Elevated Railway,* 224 Mass. 199. They dealt with the power of the judge to correct a mistake which he might have made in his interpretation of the language of the "Classification" or of the "Supplement." It is clear that the judge in the present case made such a mistake in ruling that the rates on the shipments were governed by the "Supplement." He should have granted the requests. He not only refused to give them but he refused even "to consider" them. The plaintiff's requests dealt solely with matters relating to the plaintiff's motion for a new trial and

presented questions of law which could not have been raised at the trial. Compare *Malden Trust Co.* v. *Perlmuter,* 278 Mass. 259, 260, 261. *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 38.

3. The Appellate Division vacated the finding for the defendant and ordered that judgment be entered for the plaintiff in accordance with the declaration. The only question before the Appellate Division was whether the trial judge erred in refusing to give or consider the plaintiff's requests numbered one and ten filed by the plaintiff at the hearing on the motion for new trial. Those requests should have been given. The case is remanded to the District Court for further hearing on the motion for a new trial.

*So ordered.*