Cavan, J.
This is an action of tort, to recover property damages resulting from a collision of motor vehicles, on January 31, 1942. The writ is dated July 24, 1946, and was returnable to the District Court of Somerville, August 3, 1946.
At the hearing of the case, neither party filed requests for rulings of law. The trial judge, found for the plaintiff in the sum of $450.00 damages with interest from the date of the writ.
Thereafter, the defendant filed the following motion for a new trial:
“Now comes the defendant in the above entitled action and moves this Honorable Court to grant a new trial in this ease for the following reasons: (1) That the finding is *130 against the law. (2) That the finding is against the weight of the evidence. (3) That the finding is against the law and the evidence. (4) That the damages are excessive. (5) That the finding is inconsistent with the evidence. (6) That interest has been improperly awarded.”
At the hearing on the above motion, the defendant filed the following requests for rulings:
“(1) Interest from the date of the writ may not be awarded to the plaintiff, in this case. Denied.* (2) Chapter 212, § 1, of the Acts of 1946, is not retroactive and does not permit addition of interest from the date of the writ in the present case where the writ is dated before September 1,1946, and the cause of action arose in 1942. Denied, furthermore, I rule that in the present case, (which is for property damage only), the Court has a right to included interest from the date of the writ in its findings, regardless of G. L. c. 212 of the Acts of 1946. (3) Motion for a new trial in this case should be allowed if the damages are excessive. Allowed, but not applicable to, nor in accordance with facts in this case as I find them, as I find on all the evidence that the damages in this case are not excessive.”
The defendant claims to be aggrieved by the denial of his motion for a new trial, by the refusal to rule as requested and by failing to give proper effect to request No. 3.
The main reason alleged in defendant’s motion for a new trial is that interest has been improperly awarded.
Chapter 212 of the Acts of 1946, in substance, provides that interest shall be added, from the date of the writ, to the amount of damages, by verdict or finding, in any action of tort for personal injuries to the plaintiff or for consequential damages or for damage to property. Sec. 3 of said Chapter is as follows: “This act shall become operative on September first, nineteen hundred and forty-six, but shall not apply to any cause of action accruing prior thereto.”
*131 The collision of motor vehicles in which the plaintiff sustained his property damage, occurred January 31, 1942. The writ is dated July 24,1946, and was returnable to court August 3, 1946. The defendant’s first and second requests for ruling were, therefore, statements of law, which became applicable only at the time of hearing on the motion for a new trial, McDonnell, petitioner, 197 Mass. 252, 253; Boyd v. Boston Elevated Railway, 224 Mass. 199; American Express Agency Inc. v. Michelson, 311 Mass. 704, 709. They should have been given.
After denying the defendant’s request numbered 2, the judge continued, “furthermore, I rule that in the present case (which is for property damage only) the court has a right to include interest from the date of writ in its finding, regardless of Ch. 212 of Acts of 1946.” This is not an accurate statement of the law. The general rule, as stated in H. D. Foss, Inc. v. Whidden, 254 Mass. 146, 151, is “that in assessing damages of this kind (property damage), a plaintiff is not to be awarded interest as interest, but he should be placed in the same position in reference to the injury as if damages directly resulting from the injury had been paid immediately. Interest is generally included in the damages at the date of the decree, by adding interest at the legal rate of six per cent from the time of the injury.”
In making his finding, the judge did not follow this rule, for the docket entry in this case, under date of February 6, 1950, is, “Court finds for the plaintiff in the sum of four hundred fifty dollars damages with interest from the date of writ.” This finding violates the rule by giving interest on the damages. McCarthy v. Brockton National Bank, 314 Mass. 318, 328.
The denial of the defendant’s requests for ruling numbered 1 and 2 was prejudicial error and the case is to be remanded to the District Court of Somerville for further hearing on the motion for a new trial.

 The trial court’s ruling and findings on each of the Defendant’s Requests for Rulings are printed in italics following the request.