JENNIE PERROTTA *vs.* ALEXANDER PERROTTA. January 7, 1957. Decree affirmed with costs and expenses of the appeal to be allowed to the petitioner or her counsel in the discretion of the Probate Court. This is an appeal from a decree of the Probate Court which modified a decree for separate support, G. L. (Ter. Ed.) c. 209, § 32, as amended, by increasing the amount to be paid the petitioner for the support of the petitioner and a minor child. Section 32 provides that the court may revise and alter an order made under it or make a new order or decree, "as the circumstances of the parents or the benefit of the children may require." The evidence is not reported but we have a report of material facts by the judge. Without reciting these findings in detail, we are of opinion that enough appears in the report of material facts to warrant a finding that in the circumstances of this case a modification of the original decree was justified. *Whitney* v. *Whitney*, 325 Mass. 28.

*Alfred L. Daniels*, for the respondent.

*Marie W. Loughlin*, for the petitioner.


COMMONWEALTH *vs.* LESTER A. SHAND. January 7, 1957. Judgment affirmed. The defendant was indicted and tried with four other defendants for various crimes, including robbery while armed. Shortly after the commencement of the trial the other four defendants pleaded guilty. The trial continued as to the defendant and he was found guilty. He filed a motion for a new trial which was based upon the affidavits of three of his former co-defendants and upon his own oral evidence. The motion was based upon an alibi. The defendant's principal assignments of error are to the failure of the judge to have the three affiants appear and testify orally. The motion was denied. There was no error. *Commonwealth* v. *Millen*, 290 Mass. 406, 410. *Commonwealth* v. *Coggins*, 324 Mass. 552, 556–557, certiorari denied sub nomine *Coggins* v. *Massachusetts*, 338 U. S. 881. *Commonwealth* v. *Granito*, 326 Mass. 494, 502. The remaining assignments are to permitting the Commonwealth to use a transcript of the evidence taken at the trial and taken by a stenographer duly appointed for the purpose and verified by the said stenographer to attack the credibility of the affiants. This use of the transcript was authorized by G. L. (Ter. Ed.) c. 233, § 80.

The case was submitted on briefs

*Lester A. Shand*, pro se.

*Garrett H. Byrne*, District Attorney, & *Frederic T. Doyle*, Assistant District Attorney, for the Commonwealth.