**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0189, <u>Mount Saint Mary's Condominium Association v. Ronald LeClerc</u>, the court on January 27, 2017, issued the following order:**

Having considered the briefs and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendant, Ronald LeClerc, appeals the order of the Circuit Court (<u>Spath</u>, J.) awarding damages to the plaintiff, Mount Saint Mary's Condominium Association, in the amount of $678.50 plus costs, interest, and fees, arising from the malfunction of the heating and cooling system on June 1, 2011, in his "S-14" storage space.

As an initial matter, we note that the defendant did not provide a complete trial transcript.  <u>See</u> <u>Sup. Ct. R.</u> 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion.").  Absent a complete trial transcript, we must assume the evidence was sufficient to support the trial court's ruling.  <u>See</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 396 (1997).  In addition, the defendant did not request specific factual findings.  Accordingly, we must assume that the trial court made all findings necessary to support its decision, even if it did not do so expressly.  <u>Nordic Inn Condo. Owners' Assoc. v. Ventullo</u>, 151 N.H. 571, 586 (2004).  We address the defendant's arguments with these principles in mind.

The defendant first argues that the trial court erred in concluding that he is responsible for the costs and fees associated with the malfunction of the heating and cooling system because, he argues, the S-14 storage space is a "limited common area."  The interpretation of a condominium's declaration is a question of law, which we review <u>de</u> <u>novo</u>.  <u>Schaefer v. Eastman Community Assoc.</u>, 150 N.H. 187, 191 (2003).

The record shows that the defendant is the owner of condominium unit 311.  By amendment to its condominium declaration, the plaintiff reserved the right to sell storage spaces to unit owners, and "[u]pon such conveyance, the storage space shall be deemed limited common area appurtenant to the Unit."  The defendant purchased the S-14 storage space, which contained an air conditioning system that served only that space.  Pursuant to declaration Section 1.4(E), all air conditioning systems, and any "other appliances or

appurtenances serving only one Unit, wherever located, are deemed to be part of the Unit served, [and are] deemed to be owned by and are the maintenance responsibility of the owner."

Section 1.6 of the declaration provides that "Each Owner is to keep the Unit and its interior, equipment, appliances, and appurtenances of the Owner's Unit . . . in good order and clean condition." Section 1.6 further provides that "each Owner is responsible to and must reimburse the Association and the other Unit Owners for all damage to other Units and/or to the Common Area resulting from the Owner's failure . . . to maintain the Owner's Unit . . . in good condition." Section 1.6 also provides that "[a]ny Owner or Unit causing damage to other Units and/or to the Common Area shall be subject to the enforcement remedies as provided for in this Declaration and Bylaws, including the full cost of repair and replacement of the damaged items and areas."

On June 1, 2011, the air conditioning system in the defendant's S-14 storage space leaked, causing damage to the condominium unit directly below. The association incurred costs and fees in repairing the air conditioning unit and the unit below. We agree with the trial court that, pursuant to the above-referenced declaration provisions, the defendant was responsible for the $678.50 in costs and fees arising from the damage. Although the S-14 storage space was deemed to be limited common area upon conveyance to the defendant, it was also deemed to be appurtenant to the defendant's unit, and the declaration specifically provides that an air conditioning system serving only one unit is deemed to be part of that unit and the maintenance responsibility of the owner.

We disagree with the defendant that this interpretation conflicts with other provisions of the declaration or with the condominium statute. See RSA 356-B:41, I (2009) (which provides that the association is responsible for repair of common areas "[e]xcept to the extent otherwise provided by the condominium instruments") (emphasis added).

The defendant next argues that the trial court erred in upholding the plaintiff's enforcement of its rules because the rules were not properly recorded under the procedures set forth in the declaration. The trial court's order does not address this issue. The defendant asserts that he raised the issue in his motion for reconsideration, which the trial court denied. In its brief, the plaintiff counters that the recording requirement does not apply to the rules relevant to this case. The purpose of a motion for reconsideration is to bring to the court's attention points of law or fact that the court has overlooked or misapprehended. See Dist. Div. R. 3.11(E). The trial court has the discretion not to consider new issues or accept new evidence in a motion for reconsideration. Smith v. Shepard, 144 N.H. 262, 265 (1999). We will uphold the trial court's decision on a motion for reconsideration absent an unsustainable exercise of discretion. Walker v. Walker, 158 N.H. 602, 607 (2009). Because resolution of this issue would require the court to consider

2

new evidence and address new legal issues, we cannot conclude that the court unsustainably exercised its discretion in denying the defendant's motion for reconsideration in which he raised this issue for the first time.  See id.

The defendant also argues that the plaintiff was not a prevailing party in separate small claims court and superior court cases between the parties, and that the trial court therefore erred in awarding the plaintiff attorney's fees.  See RSA 356-B:15, II (Supp. 2009) (prevailing party is entitled to costs and attorney's fees).  It is the burden of the appealing party, here the defendant, to provide this court with a record sufficient to decide his issues on appeal, as well as to demonstrate that he raised his issues in the trial court.  Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004); see also Sup. Ct. R. 16(3)(b) ("After each statement of a question presented, counsel shall make specific reference to the volume and page of the transcript where the issue was raised.").  The trial court's order does not address this issue, and the defendant has failed to demonstrate that he raised it in the trial court.  Accordingly, we decline to address it on appeal.

Finally, the defendant argues that the lien placed on his unit for unpaid assessments is invalid because the plaintiff failed to comply with the statutory lien procedures set forth in RSA 356-B:46, which require, among other things, notice by certified mail prior to the recording of the lien.  He argues that he is therefore entitled to an order discharging the lien and awarding him damages.  However, the trial court's order does not address this issue, and in the limited record submitted on appeal, the defendant has failed to demonstrate that he raised it in the trial court.  Accordingly, we decline to address it.  See Bean, 151 N.H. at 250 (noting that we may consider moving party's failure to comply with preservation requirements regardless of whether opposing party objects on these grounds).

To the extent that the defendant's brief raises additional arguments, we conclude that they are insufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), and warrant no further consideration, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).  We will not address issues raised for the first time on appeal in a reply brief.  Harrington v. Metropolis Property Management Group, 162 N.H. 476, 481 (2011).

The plaintiff's request for attorney's fees and costs for this appeal pursuant to Section 6.1(E) of the declaration is granted.  The plaintiff shall file an affidavit of fees and costs within ten days of the date of this order.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

3